JANE F. YERBY v. WILLIAM G. HILL, EX'R.

The purchaser of property at a sale by order of the Probate Court, purchases subject to the authority of the Court, to confirm or set aside the sale.

He is bound to take notice of the action of the Court in this regard; and if aggrieved by it, his remedy, *if any,* is by appeal.

Appeal from Brazoria Tried before the Hon. Nelson H. Munger.

Suit by a bidder at a probate sale, (the appellant,) to whom the property had been knocked down, against an executor, the appellee, to enforce the specific performance of the sale. After alleging the indebtedness of the State, secured by mortgage on the land; the petition of the creditor for order of sale; order for sale, and advertisement, the petition continued as follows: On the day last mentioned (first Tuesday in April, 1855,) in front of the Court House door of said county, between the hours of ten o'clock, A. M., and 4 o'clock, P. M., the said Hill, as executor aforesaid, offered said tract of land for sale, by public outcry, in pursuance of said order of Court, upon the terms mentioned therein, (on a credit of twelve months, the purchaser to give bond and security, and a mortgage on the land,) and that at the time and place last mentioned your petitioner bid for said land fourteen hundred and thirty dollars; that that was the highest and best sum offered, and that said land was struck off and adjudged by said Hill to your petitioner, as the purchaser, at said price; and that said Hill promised petitioner, after said sale, as executor aforesaid, to make due return of said sale, and that his attorney would attend to the whole matter and procure and execute to your petitioner the necessary and legal conveyance for said land. And petitioner avers that she was, and always has been, and now is,

ready to comply with the terms of said sale, and has offered to comply with the same. Your petitioner further represents, that she went into the possession of said tract of land, and since the said first Tuesday in April, 1855, your petitioner has been in the possession thereof, and has, in virtue of her said purchase, made valuable and permanent improvements on said land, and has put in cultivation about sixty acres of said land. Your petitioner further represents, that within the last few days, she has learned that the said Hill, as executor aforesaid, is seeking to avoid the said sale to petitioner, and has refused to make proper conveyance to petitioner, and refuses to accept from petitioner the terms upon which said sale was made, and utterly refuses to comply with said sale, or make return thereof to the County Court aforesaid ; and, as excuse for the said conduct of the said Hill, executor aforesaid, he gives out and pretends that your petitioner was to give him the sum of twenty-four hundred dollars for said tract of land. Now your petitioner alleges and charges, that no such agreement or understanding was ever made or had by her, or with her or any other person for her ; and alleges that she never, directly or indirectly, promised or agreed to give or pay any sum whatever for said tract of land, except the said sum bid for said land as aforesaid ; and she alleges that the said sum of fourteen hundred and thirty dollars is a fair and reasonable price for said land. Your petitioner further represents that said Hill, as executor aforesaid, has presented on the 29th day of May, 1855, by his attorney, a petition to the County Court aforesaid, and has procured a decree of said County Court to re-advertise and sell the tract of land, and she attaches hereto copies of said petition and order of sale, as a part hereof. She further represents that the said Hill, as executor aforesaid, has again advertised said tract of land to be sold on the first Tuesday in July, 1855, and that he threatens to sell the same on said day ; that the actings and doings aforesaid, of the said Hill, are unjust and oppressive ; and that the said last named

order of the County Court is illegal and void ; that if said sale takes place your petitioner will be greatly injured and wronged. Wherefore your petitioner prays, that your Honor will enjoin and restrain the said Hill, from making any sale of said tract of land, until the further action of the District Court of said county, and that the said County Court be enjoined from making any other or further order touching the sale of said land ; and that upon the final hearing hereof, the said Hill, as executor aforesaid, be ordered to make report of said sale, and make a conveyance to your petitioner, of the tract of land aforesaid, upon your petitioner complying with the terms of said sale. And petitioner prays for all such other and further relief, in the premises, as, in law and equity, she is entitled to, and for the costs of suit ; and she prays for a writ of certiorari to the said County Court, to send up the record and proceedings in said Court, touching the subject matter in controversy herein.

Sworn to and subscribed, by plaintiff, and filed June 22nd, 1855.

The petition of the executor, filed on the 29th day of May, 1855, and made part of the plaintiff's petition, was as follows : In County Court, May Term, 1855. To the Hon. Chief Justice : Your petitioner, William G. Hill, executor of the last will of Henson G. Westall, deceased, would represent that he is unwilling to report the sale of the tract of land on Bell's Creek, in Brazoria County, known as the Copes place, belonging to the estate of said H. G. Westall ; because the sale was made upon a misunderstanding between your petitioner and the purchaser at said sale, Mrs. Yerby. Your petitioner would represent, that he acted, in making said sale, upon the understanding and agreement that Mrs. Yerby had previously taken said tract of land at the price of $2,400, under the provision of said Westall's will ; and that he understood that the said Mrs. Yerby purchased the said land in order to obtain title thereto without trouble or expense. He says that said land

sold for $1,430, at said sale, and that he is informed that Mrs. Yerby claims said land at that price, without any respect to her former agreement to take said land under the provisions of said Westall's will. Your petitioner represents, that to confirm the said sale, under the said circumstances, would be a great injustice and injury to said Westall's estate. He prays for another order of sale of said land, &c.

Not sworn to.

May 30th, order of Court : And the Court having read and considered said petition, and being satisfied from the representations therein contained, that said sale was not fairly made, and in conformity with law, it ordered, adjudged and decreed, that the said sale be and the same is hereby set aside ; and it is further ordered that the executor sell said tract of land, &c.

It appeared from the petition, that the will of Westall contained a declaration that he wished Major Yerby to have the Copes place at what it cost him. But the petition denied that Major Yerby, since deceased, or the plaintiff, ever consented to avail themselves of the privilege.

Bond filed, and writs of injunction and certiorari issued and executed.

Demurrer of defendant, to plaintiff's petition, sustained.— Amendment by plaintiff, alleging that she had no notice whatever of the application of the defendant for a re-sale of the said property, until more than fifteen days (the time allowed for appeal) after said application and the decree thereon was made. Demurrer to the petition, as amended, sustained.— Plaintiff not desiring further to amend, judgment for the defendant.

*P. McGreal*, for appellant.

*J. B. & G. A. Jones*, for appellee, cited Davis v. Stewart, 4 Tex. R. 223.

Yerby v. Hill.

WHEELER, J. The case of Davis v. Stewart, adm'r, (4 Tex. R. 223,) is decisive of the present. The purchaser of property, at a sale by order of the Probate Court, purchases subject to the authority of the Court to confirm or set aside the sale. His purchase is not complete, and no title vests until the action of the Court, confirming the sale. He is bound to take notice of the action of the Court in this regard ; and if aggrieved by it, his remedy, if he has any, is by appeal. (Ib.) The interest of estates, and creditors for whose benefit the sale is made, demands a prompt determination of these questions. The settlement of estates cannot be suspended by litigation in the District Court to determine what right a party has acquired, merely by his having been a bidder at the sale. If the sale is set aside, the only injury, in general, which the party will have sustained, will be the trouble of having bid at the sale ; and he will have an equal chance with others to become a purchaser at the second sale. The injury, if it be one, can scarcely be considered of such a character as to give a right of action against the estate. If the sale was fairly made, for the actual value of the property, in the first instance, the administrator will have no motive to ask the Court to set it aside. If not so made, it ought to be set aside ; and the purchaser can have no just cause of complaint that it is so ordered. The statute, as was said in Davis v. Stewart, adm'r, was evidently intended to give the Probate Court a large discretion over this subject : and the estate ought not to be subjected to the harrassment and delay of litigating the question of the fairness of the sale at the instance of a mere bidder, even by appeal, unless the Court has been guilty of a manifest abuse of its discretion, to the injury of the party complaining. It will seldom happen, that a party will seek thus to litigate with the estate, from any other motive, than to hold on to an unequal bargain, in which he may suppose he has gained an advantage, by bidding off property at greatly less than its true value : and where that is the case, the Probate Court ought not to confirm the sale ; nor

ought the purchaser to be heard to complain, that he has not been suffered to speculate, at the expense of those interested in the estate.

It will suffice to dispose of the present case, that the complainant was bound to take notice of the action of the Court, setting aside the sale. If she had any sufficient ground of opposition to the order of the Court, it should then have been urged : and if her rights were not duly considered and respected, her remedy was an appeal from the order by which she was agrieved. Having failed to complain of the action of the Court at the proper time, she was not entitled afterwards to be heard to complain ; and her petition was rightly dismissed. The judgment is affirmed.

Judgment affirmed.