J. C. WELLS AND ANOTHER, ADM'RS v. ROGER Q. MILLS.

The authority of an administrator, under an order of the County Court, to sell
sufficient lands of his decedent to realize a specific sum of money, is exhausted
when that object has been accomplished; and he cannot proceed, under such
order, to sell other lands, after the sales have produced the required amount.

See this case, for circumstances which justified the court, in refusing to confirm
a sale made by the administrator, under an order to sell sufficient land to
realize four thousand dollars.

Whether the judgment of the chief justice of the County Court, in reference to
the confirmation of sales of real estate, belonging to the estates of deceased
persons, determining whether they have been fairly made, and in conformity
with law, is the subject of revision, is discussed in this opinion. That ques-
tion is not decided; but, it seems, that the exercise of such discretion, (Hart.
Dig. Art. 1176,) cannot be the subject of revision.

APPEAL from Navarro. Tried below before the Hon. Charles
A. Frazer.

This case originated in the County Court. The record showed
that at the February Term, 1857, the appellants, as administra-
tors of the estate of David R. Mitchell, deceased, filed their
petition in the said court, praying for an order to sell lands of the
estate, to make up the amount required for the payment of the
demands against it. The order made upon the application was
as follows:

"The application of said administrators, coming on to be
"heard, it is ordered by the court, that said administrators pro-
"ceed to advertise and sell, at the earliest practicable period,
"the lands ordered to be sold by the said administrators, at a
"former term of this court; and, in order that the interest of
"said estate be fully protected, it is further ordered, that said
"administrators proceed to advertise, in like manner, any other
"lands, and to sell such lands as may seem best to the interest
"of said estate, to an amount sufficient to realize to said estate,
"the sum of four thousand dollars on said sales, in addition to
"the amount already sold; that the sale be made at the court
"house of Navarro county, on a credit of twelve months, the

"payment of the purchase money to be secured, as required by "law; and that the sales be reported to this court, as directed "by the statute on the subject. The following lands are desig- "nated." (Here followed a description of seventeen tracts of land, of various sizes, and in several counties.)

At the May Term, 1857, one of the appellants, made his return of the sales made by him, in pursuance of the order, which was ordered to be recorded. This return showed a sale of seven of the specified tracts; and the aggregate amount of sales, was four thousand five hundred and seventy dollars, and eighty cents. The administrators aforesaid, objected to the confirmation of the sale of the last tract sold at the said sale. Upon which objection, the court made the following order: "The cause again coming on to be heard, and the "parties interested appearing, and being heard, the court is "satisfied that there is no objection to the confirmation of the "sale of the first six tracts; they are therefore confirmed, "and the administrators aforesaid, are hereby authorized "and required, to make title to the purchasers 'of the said six "tracts of land, making such warranty as the law authorizes "them to make. It is further ordered and decreed, that the "sale of the seventh and last tract of six hundred and forty "acres, granted to B. W. Robertson, and bid off by R. Q. Mills, "at seventy-five cents per acre, be annulled, set aside and held "for nought."

The return of sales, showed that the above named tract, of six hundred and forty acres, granted to B. M. Robertson, and last named on the list, was bid off by R. Q. Mills, at seventy-five cents per acre, making four hundred and eighty dollars; and that the sales of the other tracts, (which were confirmed) amounted to four thousand and ninety dollars and eighty cents.

From the order or decree of the County Court, refusing to confirm the sale, R. Q. Mills appealed to the District Court.

In the District Court, it was shown that the sale of the said tract was made by the said administrator, as set forth in the return of sale; that Mills bid the amount stated, and complied with

the terms of sale, by tendering notes with good security, with mortgage on the land, to the administrator, to secure the purchase money. The refusal of the chief justice to confirm the sale, &c., in accordance with the recitals of the records of the County Court was also shown; that the amount of money raised by said sale, including the sale to Mills, was not sufficient to pay all the debts then due, and owing by the said estate; that the land in question was appraised, in the inventory, at two dollars per acre, and was sold at seventy-five cents per acre; and that the tract in question, was the last tract sold, on the day of sale aforesaid. The cause being submitted to the court, the judgment of the County Court was set aside and reversed; and it was adjudged that the said sale be confirmed, and the said administrators ordered to make a deed of conveyance to the land, when the said Mills should comply with the terms of the sale. From this judgment, the administrators appealed.

*C. M. Winkler*, for appellant.

*J. C. Walker*, for appellee.

WHEELER, Ch. J. The statute appears to confide to the chief justice a discretion, in exercising the power of confirming sales of the property of estates. He is required "to inquire "into the manner in which such sale was made; and if satisfied "it was fairly made, and in conformity with law," he shall have entered an order confirming it. (Hart. Dig. Art. 1176.) Upon this provision, the court observed, in Davis v. Stewart, 4 Tex. Rep. 221, "It will be seen that much discretion is left to the "judge; if he should believe that the sale was not fair, or that "it was not made in conformity with law, it would be his duty "to set it aside, and order it (the property) to be sold again; he "is not required to place upon the record the reasons by which "he is governed, either in confirming or rejecting a sale."

It is a general rule, that where a discretion is confided to an officer or tribunal, there can be no revision, and no appeal: for that implies the liberty, or power, of acting without other con-

trol than one's own judgment. It would be difficult to employ words, more clearly indicative of an intention to confide in the officer such a discretion, than those used in the statute. It would seem difficult for an appellate tribunal, to undertake to revise such a discretion, and say that the chief justice was not "satisfied;" or, when his judgment ought to be satisfied;—especially, when he is not required to give the reasons for his judgment. (Ibid.) He is required to affirm the sale, or not, as he may or may not be "satisfied" of its fairness; and in its very nature, it would seem, that such a discretion cannot be the subject of revision.

Again, in Yerby v. Hill, (16 Tex. Rep. 377,) it was intimated, that the merely having made an ineffectual bid, at the sale, was not such an injury as would give a right of action against the estate. We apprehend it was never intended, that it should give a right of action, or appeal. It is not the policy of the law, to subject estates to harassing and protracted litigation, at the suit of those who have sustained no appreciable injury, and will rarely have any other motive to litigate, than the hope of speculating at the expense of the estate. Every bidder at the sale, knows that his bid is subject to the authority of the judge, to affirm it or not, and that the contract is not complete; that there is, indeed, no contract, until the sale is confirmed. Until then, he has acquired no legal right; and he can have sustained no injury, or the infraction of a legal right, by the exercise, by the judge, of the authority with which he is invested by the law, of refusing to complete the contract, and bind the estate, by an act which he deems to be prejudicial to its interest and rights.

But it is not necessary authoritatively to determine this question; for we think it clear, that the chief justice acted rightly in refusing to confirm the sale. The order of the court, empowered the administrator to sell a sufficiency of the property, to raise the sum of four thousand dollars. This he had done, before he proceeded to make the sale here in question. His power was then exhausted, and he was without authority to

make the sale; the judge, therefore, very properly refused to confirm it. Suppose, after having sold a sufficiency of property, to satisfy the order of the court, the administrator had gone on to sell all the property of the estate. Will it be contended, that the chief justice must have confirmed the sales, *if fairly made*, though there might have been other debts, or even though the estate had been insolvent? Surely not.

We think the District Court erred in its judgment, and that it be therefore reversed, and the appeal to that court be dismissed.

Reversed and dismissed.