DOUGLASS HARRIS v. J. H. CATLIN.

The ruling in Thomas *v*. Beaton, 25 Texas, Supplement, page 318, cited and approved, to the effect that he who asks a rescission of a contract for the sale of land, when he has received a large portion of the purchase-money, is subject to the maxim that he who seeks equity must do equity, and must offer to restore the consideration money which he had received.

APPEAL from Austin. Tried below before the Hon. Livingston Lindsay.

In 1856, John O. Whitfield sold the land in controversy to Sarah S. Kirby; the land was to be paid for in three installments.

In 1860, S. S. Kirby, having paid part of the purchase-money, executed her promissory note to Whitfield for the balance due on the land.

In 1862, Sarah Kirby died in possession of the land; and in 1863 Whitfield died, leaving T. B. White as his executor, who in 1864 presented the note to the administrator of Sarah Kirby's estate for allowance, and the allowance was made.

In 1869, Harris, who had qualified as administrator *de bonis non* of Whitfield's estate (White having resigned the executorship), instituted this action of trespass to try title to the land, against P. H. Swearingen, administrator *de bonis non* of Kirby's estate. Pending the suit, Swearingen sold the land to the appellee Catlin, who appeared and made himself party defendant to the suit in the place of Swearingen. Plaintiff then amended his petition and charged that the note above referred to was executed by Kirby for a balance due on the land, and that the sale to Catlin by Swearingen was a fraud, and that the defendant and Swearingen had conspired together to swindle the estate of Kirby, and prayed for a cancellation of the administrator's deed to Catlin, as also of the agreement relative to the sale of the land between Whitfield and Kirby, and to quiet plaintiff's title to the land; upon which being done, he offered to surrender his claim against Kirby's estate.

Defendant demurred to the petition, because, among other reasons, in asking a rescission of the contract between Whitfield and Kirby, it did not offer to restore the purchase-money already paid; because plaintiff presented himself in the equivocal attitude of holding Kirby's estate for the balance due on the land, and at the same time trying to recover the land itself; and because by electing to prove up his claim against the estate of Kirby he waived his lien upon the land.

The demurrer was sustained and judgment rendered in favor of the defendant, and plaintiff appealed.

*Ben. T. Harris*, for the appellant.

*A. Chesley*, and *Hunt & Holland*, for the appellee.

WALKER, J. The appellant, as the administrator *de bonis non* of John O. Whitfield, commenced this suit in the form of an action of trespass to try title, on the 1st January, 1869. The case was disposed of on demurrer, and is brought by appeal to this court. Whitfield left a will nominating Thomas B. White his executor, and on 2d December, 1864, the latter presented a note to the administrator of Sarah S. Kirby's estate for allowance, calling for three thousand three hundred and fifty dollars and fifty-nine cents. The note was allowed by the administrator, but it does not appear from the record that it ever was presented for the approval of the probate court. The note is dated May 24th, 1860, payable one day after date, to bear ten per cent. interest.

In December, 1856, Whitfield contracted to sell and convey to Mrs. Sarah S. Kirby, seven hundred acres of land, at fourteen dollars per acre, payable in three installments. The note now in question is for the unpaid balance of the purchase-money, about two-thirds having been paid. There is no doubt from the record, that this note was given in part consideration of the land.

Whitfield's administrator having neglected to enforce his

lien on the land, and indeed, so far as we know, never having presented his note to the court at all, P. H. Swearingen, the administrator *de bonis non* of the Kirby estate, under an order of the County Court, and pending this suit, sold the land as assets of the Kirby estate, and the same was purchased by the appellee, Catlin.

Catlin, then, is chargeable with whatever notice this suit imposes; he has made himself a party at the December term, 1870, to this suit.

At the August term, 1871, the appellant amended his original petition, setting out that the note in question is for a balance due on the land, and he charges a fraudulent conspiracy between Swearingen and Catlin, to cheat and defraud the estate of Kirby, and prays the court to set aside the affirmance of the sale, and cancel Catlin's deed.

It is insisted by the appellees, that it is not charged in the amended petition that he knew this note was given for the land; that he does not offer to restore the purchase-money paid, in his effort to rescind the contract; that his attitude before the court is equivocal; that he is attempting to hold the estate of Mrs. Kirby for the balance due on the land, and at the same time seeks to recover the land itself; and that the plaintiff is estopped from setting up his lien on the land, after having presented his claim to the administrator for allowance, and then having neglected for nearly seven years to assert his lien upon the land.

And it is further contended that he cannot collaterally impeach the sale to Catlin on the ground of fraud, in a collateral proceeding; and further, that he is bound by the doctrine of election to have pursued the remedy first chosen, and followed out his remedy in the probate court.

The doctrines involved are discussed and decided in 25 Texas, Supplement, 318, in Thomas *v.* Beaton; in Herman's Law of Estoppels; in Wells *v.* Mills, 22 Texas, 302; in Smith's Leading Cases, by Hare & Wallace, Vol. II., pp. 210 211, 212; and Butler *v.* Hildreth, 5 Metcalf, 49.

Statement of the case.

The manner in which this suit has been conducted by the appellant may result in a loss to the estate he represents; but we cannot bend the law, to make it cover his mistakes, or relieve him from difficulties in which he has involved himself. Possibly, he may yet have a remedy as a creditor of the estate of Mrs. Kirby by a direct proceeding to set aside the sale to Catlin, on the ground of fraud, if there was fraud in the sale.

We think the judgment of the court, in sustaining the appellee's demurrer, was correct, and it is therefore affirmed.

Affirmed.