## S. GOLDSTEIN ET AL. V. ROSA SUSHOLTZ ET AL.

### Decided June 1, 1907.

**1.—Community Estate—Loan by Wife to Husband.**

An advancement or loan by a wife to her husband while residents of the State of New York, will be a charge against the community estate of such husband and wife acquired in Texas.

**2.—Surviving Partner—Administration.**

A surviving partner has the right to the possession of partnership property for the purpose of winding up the partnership affairs, and he can not be deprived of such right by the appointment of an administrator for the estate of a deceased partner.

**3.—Administration—Necessity for.**

Where a community estate owed no debts, and consisted of cash in bank and an interest in a mercantile partnership, the mercantile partner surviving, no necessity existed for administration upon the estate of the deceased partner.

**4.—Same.**

The fact that a community estate is indebted to the surviving wife will not of itself create a necessity for administration upon the community estate.

**5.—Probate Sale—Purchaser—Title.**

Until a sale by an administrator, whether temporary or permanent, is confirmed by the probate court, no title passes to the purchaser, and any appropriation of property of an estate by virtue of an inchoate sale without such confirmation, is a conversion of the same.

**6.—Probate Orders—Appeal—Effect.**

In the absence of an order continuing a temporary administration in force it expires at the next succeeding term of the probate court, and an appeal from an order appointing a temporary administrator is unnecessary where an appeal is taken from an order appointing a permanent administrator and from an order approving a sale made by a temporary administrator; the appeal supersedes such orders, and a judgment of the District Court setting said orders aside renders them void.

**7.—Practice—Waiver of Error.**

Where no contention or objection is made in the trial court, it can not

be considered on appeal. Even if it be true that the claim of a surviving widow for a year's allowance creates a necessity for administration in the absence of debts against an estate, the failure to make such claim in the trial court will be considered as a waiver of the same.

**8.—Exclusion of Evidence—Exception.**

A bill of exception to the exclusion of evidence must show what the evidence was.

**9.—Assignment of Error.**

A statement of an abstract proposition of law without any apparent reference to any action or ruling of the trial court, is not a sufficient assignment of error.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett,* for appellant.—Where a wife loans money to her husband the loan is a debt due her, the same as it would be due by him to a stranger, and at his death she is entitled to hold it as a debt against his estate; and especially would this be so if the loan was made by the wife to the husband in the State of New York, for the reason that by the law of New York there is no community estate owned jointly by the husband and wife, such as we have in Texas. 1 Am. & Eng. Ency. of Law, p. 760 (2d ed.).

It rests solely within the discretion of the county judge as to whether there is a necessity for the appointment of a temporary administrator; and whenever he exercises that discretion and makes the appointment it is presumed that there was necessity for it, unless it is clearly shown in a direct attack that no necessity existed. Art. 1930, Rev. Stats., 1895; Harris v. Shaffer, 21 S. W. Rep., 110; Templeton v. Ferguson, 89 Texas, 57.

A temporary administrator has the same power to make a sale of the personal property of the estate as that possessed by a permanent administrator, and when a temporary administrator acts under an order of the Probate Court such sale by him is binding, and passes title to the property, where there was necessity for the administration, and such temporary administrator has been properly appointed. Art. 1936, Rev. Stats., 1895; Callahan v. Houston, 78 Texas, 494.

Where an administration is granted by the Probate Court it is presumed that debts existed authorizing it, or that there was other necessity therefor, and this presumption remains conclusive until in a direct attack on the appointment it is alleged and shown to the contrary. Art. 1888, Rev. Stats., 1895. This article provides that an application therefor must state: "That a necessity exists for an administration upon such estate." Art. 1927, Rev. Stats., 1895. This article provides that it must appear to the court, before judgment is entered granting letters of administration, "That there is a necessity for an administration upon such estate." Art. 1896. This article provides how, although debts exist, an administration can be prevented. And the provision is that those interested in the estate can pay the debt, prove its illegality, or give bond to pay it when

it is established by a court of competent authority. Merchison v. White, 54 Texas, 80; Martin v. Robinson, 67 Texas, 368; McCamant v. Roberts, 80 Texas, 327.

Appellants' Fifteenth Assignment of Error.—The court erred in not permitting S. Goldstein to testify to a contract made between him and the deceased L. Unger, after his daughter, Rosa Susholtz, the plaintiff in the case, had testified to the contract and had stated that the said S. Goldstein was present.

Appellants' Sixteenth Assignment of Error.—The court erred in the eighth paragraph of his conclusions of fact, in holding that Esther Unger had paid but $63.50 on account of L. Unger.

Appellants' Twentieth Assignment of Error.—An order entered by the county judge appointing a temporary administrator of said estate and investing said administrator with certain powers, is purely within the discretion of the County Court. If the powers therein granted be not unlawful, then a sale made by a temporary administrator in conformity with such order can not be set aside in the absence of fraud.

*W. G. Love, R. J. Channell* and *G. J. Kapner,* for appellees.— Where the separate funds of one spouse are invested in a business conducted in the interests of the community estate, the sum so invested constitutes an advancement to the community, and upon a dissolution of such business by death of one of the parties or otherwise, the separate estate of such spouse is entitled to be reimbursed out of the community estate. Mills v. Brown, 69 Texas, 244; Schmidt v. Huppmann, 73 Texas, 112; Welder v. Lambert, 91 Texas, 526; Allardyce v. Hambleton, 96 Texas, 34; Simms v. Hixon, 65 S. W., 36; Gilroy v. Richards, 63 S. W., 664.

The circumstances which would have authorized the County Court to permit an administration, appoint an administrator, and order a sale of the property of the deceased, did not exist, and such orders and decrees are therefore void. Flanagan v. Pierce, 27 Texas, 78; Withers v. Patterson, 27 Texas, 498; McIntyre v. Chappell, 4 Texas, 192; Remick v. Luter, 32 Texas, 799; Lindsay v. Jaffray, 55 Texas, 637; Brackenborough v. Melton, 55 Texas, 506; Templeton v. Falls Land & Cattle Co., 77 Texas, 58; Angier v. Jones, 67 S. W. Rep., 449; Summerlin v. Rabb, 11 Texas Civ. App., 55; James v. Nease, 69 S. W. Rep., 110; Faris v. Simpson, 69 S. W. Rep., 1029.

Even if the claim of Mrs. Unger be put upon the same footing as a debt due to a stranger, the Probate Court acquired no jurisdiction of the estate, because a single debt does not create a necessity for administration. Buchanan v. Thompson, 4 Texas Civ. App., 238; Frost v. Smith, 24 S. W. Rep., 40; Zwernerman v. Rosenberg, 11 S. W. Rep., 150.

We quote from the opinion of Judge Gaines in this case, the following: "If, however, there be but one creditor, the courts have allowed an exception, and have permitted him to sue the heirs, and to enforce his claim to the extent of the assets, subject to his debt, which have come into their hands. There is reason for this exception. No one being interested in the estate but the one creditor and the

heirs, the rights of the parties may be adjusted in a direct suit, and there is no necessity for administration."

The appeal from the judgment and orders of the County Court was a direct attack on such judgment and orders, and the District Court was required to try the case de novo. Rev. Stats., arts. 1841, 1099, 2551, 1294; Wipff v. Heder, 26 S. W. Rep., 118.

REESE, ASSOCIATE JUSTICE.—In September, 1899, L. Unger and S. Goldstein formed a partnership for the purpose of carrying on a mercantile business at Cold Springs, Texas. In 1900, they moved the business to Raywood in Liberty County, where it was conducted until September 28, 1904, when L. Unger died. The business was conducted under the name of S. Goldstein by Unger, who seems to have had charge of the store. On October 30, 1904, Esther Unger, widow of L. Unger, made application for appointment as temporary administratrix of the estate of L. Unger, deceased, and for an order to sell his interest in the stock of goods. Both applications were granted by the same order. Mrs. Unger sold the interest of L. Unger in the goods on November 1 to S. Goldstein for $1,425. The sale was reported to the Probate Court and an application made for appointment as permanent administratrix. Against the protest and objection of Mrs. Susholtz, daughter and sole heir at law, with the exception of the widow, of L. Unger, the sale was approved and Mrs. Unger appointed permanent administratrix, from which orders Mrs. Susholtz appealed to the District Court.

Mrs. Susholtz, joined by her husband, also instituted a suit in the District Court against Mrs. Unger and S. Goldstein for damages for the conversion by them of the said stock of goods, or the interest of her father, the said L. Unger, in said partnership, alleging that the administration was unnecessary and that the proceedings of the administration was in pursuance of a fraudulent scheme between Mrs. Unger and Goldstein to appropriate the property in fraud of her rights as the owner as heir of L. Unger, of one-half interest therein, and that the said sale was unauthorized, fraudulent and void. To this suit the defendants answered by general demurrer and general denial.

In the District Court the appeals from the Probate Court were by agreement consolidated with the suit for conversion, in which plaintiffs dismissed as to Mrs. Unger, and upon trial the application for appointment as permanent administratrix of Mrs. Unger was refused. Approval of the sale to Goldstein was also refused, the court holding that there was no necessity for administration, either temporary or permanent, and that the sale was unauthorized. Judgment was rendered for Mrs. Susholtz against Goldstein for one-half of the value of Unger's interest in the stock of goods, after taking out the amount of an indebtedness of the community estate to Mrs. Unger of $563. From the judgment this appeal is prosecuted.

The following conclusions of fact are adopted from the findings of fact of the trial court: .

1. Unger died in Liberty County, Texas, on September 28, 1904. He died intestate, and left as the only property of his estate $300 in

cash on deposit in the bank, and a partnership interest in a stock of goods and mercantile business situated at Raywood, Texas, and conducted under the firm name of S. Goldstein; said L. Unger being a silent partner in said business.

2. Said money and the partnership interest of the said L. Unger in the business aforesaid was community property between himself and his wife, Esther Unger, and that he left surviving him as his sole heirs at law his widow, Esther Unger, and his daughter, Rosa Susholtz.

3. After the death of said L. Unger, the defendant, S. Goldstein, continued in charge of the partnership business, and was proceeding to wind up said business in his capacity as surviving partner, and that Esther Unger also continued in the possession of said stock of goods jointly with the said Goldstein until the 31st day of October, 1904, at which time application was made to the Probate Court of Liberty County by Esther Unger to be appointed temporary administratrix of the estate of L. Unger, deceased, and in the application for appointment she also prayed that she be authorized to sell the property of said estate.

4. Under the application hereinbefore referred to, the Probate Court of Liberty County appointed the said Esther Unger temporary administratrix of the estate of L. Unger, and as a part of the order making said appointment, the temporary administratrix so appointed was authorized to sell the property of the estate at public or private sale.

5. On November 1, 1904, Esther Unger, as temporary administratrix of the estate of L. Unger, deceased, sold all of the property of said estate, which consisted of the interest of the said estate in said stock of goods and mercantile business, to S. Goldstein, for the sum of $1,436, which sum was paid by the said Goldstein to the said Esther Unger, and thereafter the said Goldstein has treated and regarded said stock of goods and mercantile business as his own, and has sold and disposed of a portion of said stock, and has mixed and mingled the same with other goods of his own of like character which he subsequently placed in said store building, so that it is impossible now to obtain a correct accounting of the amount of goods as sold by him, or the amounts of money received by him therefor, or the goods belonging to said business which is still on hand.

6. The sale of the property of the estate of L. Unger, deceased, was made without the knowledge or consent of the plaintiff, Rosa Susholtz, or her husband, but the same was acquiesced in and agreed to by Esther Unger individually.

7. The community estate of L. Unger and his wife, Esther Unger, was indebted to Mrs. Esther Unger in the sum of $563 for advancements made by the said Esther Unger out of her separate estate to said community estate. L. Unger was not indebted to S. Goldstein for any rent individually, but the claim of S. Goldstein for rent was a claim against the partnership, and constituted a part of the expenses of the firm.

8. After the death of L. Unger, Mrs. Esther Unger collected from the Houston National Bank the sum of $300 in money, which

was likewise the community property of the estate of L. Unger, deceased, and out of such community property she paid the sum of $63.50 for funeral expenses of the deceased, L. Unger.

9. The interest of the estate of L. Unger in the stock of goods and mercantile business at Raywood was of the reasonable value of $2,737.09 on the 1st day of November, 1904, when the same was taken in charge by the said S. Goldstein under his claim of ownership.

10. No necessity existed for the appointment of a temporary administratrix of the estate of L. Unger when such appointment was made on October 31, 1904, and there were no circumstances existing at the time which authorized the sale of the property of said estate.

11. There existed on January 7, 1905, no debts against the estate of L. Unger, deceased, except the claim in favor of Mrs. Esther Unger hereinbefore referred to, and the claim in favor of S. Goldstein against the partnership composed of Goldstein and Unger.

The $563 which the court finds to be an "advancement made by Esther Unger out of her separate estate to the community estate," represented a sum of that amount which Mrs. Unger, then residing with her husband in the State of New York, owned in her own right, and it was used for the purchase of a stock of goods in New York before the parties came to Texas. The evidence authorizes the conclusion that the business was conducted for their joint account, as might be done under the laws of New York, but at most it is a loan from Mrs. Unger to her husband. No error was committed of which Mrs. Unger can complain in treating it as a charge against the community estate acquired after the parties came to Texas, as was done by the court. The court by its judgment required this indebtedness to be first deducted from the value of the community estate, and awarded to Mrs. Susholtz one-half of the balance, as her father's share of the same. The point is presented by the first and second assignments of error, which are overruled.

The third and fourth assignments of error present the question of the correctness of the finding of fact that there were no circumstances existing at the time of the sale of the property by the temporary administratrix, authorizing such sale, and the legal conclusion that Goldstein as surviving partner had the right to wind up the partnership affairs and pay partnership debts, and that there was no necessity for the appointment of the temporary administratrix and the sale of the property by her. The assignments can not be sustained. That there was no necessity for the temporary administration is clear. The entire estate was community and consisted of the interest in the business of the partnership between Unger and Goldstein and about $300 in cash in the bank. Goldstein had possession of the partnership assets and was proceeding to wind up the partnership business as he had the right to do as surviving partner. The Probate Court could not, by the appointment of Mrs. Unger as temporary administratrix, authorize her to take possession of the partnership assets, or, in any way, interfere with Goldstein's right

as surviving partner to wind up the partnership business. Only after this was done could it be determined what interest Unger had in the property and assets of the partnership. (Altgelt v. The Bank, 98 Texas, 261; Rogers v. Flournoy, 54 S. W. Rep., 387.)

The sale was approved by the Probate Court, from which order appellees appealed to the District Court, and upon this branch of the case the District Court refused to approve the sale and held that no title passed to Goldstein by virtue thereof. In this, we think there was no error. The District Court also on appeal from the order appointing Mrs. Unger permanent administratrix refused such appointment, holding that there was no necessity for a permanent administration. The evidence showed that the only indebtedness was the debt of $563 due Mrs. Unger. This did not create any necessity for administration. The entire estate being community, of which one-half, after discharging the debt to Mrs. Unger which was a charge upon the community, belonged to the widow and the other half to Mrs. Susholtz, the only child of L. Unger, this indebtedness could be readily adjusted in a partition betweeen Mrs. Unger and appellee without the necessity for administration with its attendant expenses. (Moore v. Moore, 31 S. W. Rep., 532.)

Until the sale by the temporary administratrix was approved by the Probate Court no title to the property sold passed to Goldstein, even if such sale had been authorized. (Rev. Stats, arts. 2141, 2144, 2146; Yerby v. Hill, 16 Texas, 381; Wells v. Mills, 22 Texas, 305.) The statute applies to sales of personal as well as real estate, and no exception is made in cases of sales by a temporary administrator. As long as Goldstein was in possession of the partnership property, under his authority as surviving partner to wind up the partnership business, he was acting within his clear legal right, but when he claimed the entire property, including Unger's interest therein, and appropriated it to his personal use as the sole owner, by virtue of the unauthorized sale by the temporary administratrix, which the court refused to confirm, he was guilty of a conversion thereof, and was liable to appellee for her share of the property, in the absence of any administration and of any necessity therefor.

It is contended by appellants that there was no appeal from the order appointing the temporary administratrix. That is not important. There was an appeal from the orders approving the sale and appointing Mrs. Unger permanent administratrix. The order of sale was set aside by the District Court and confirmation of the sale refused. Likewise the order appointing the permanent administratrix was set aside and Mrs. Unger's application refused. No order was made by either court continuing her authority as temporary administratrix. In such case her authority as such ceased and determined by virtue of the proceedings had and orders made both in the Probate Court and by the District Court upon the appeal. The appeal was a direct attack upon the orders appealed from which were superseded by the appeal. Upon the hearing in the District Court that court acted upon the application to confirm the sale and for permanent administration, *de novo,* with the same power

as that originally possessed by the Probate Court. (Rev. Stats. art. 2262.)

If, as contended by appellants, the appeal bond was not filed within the time prescribed by law, no objection was made on that ground in the District Court.

It is also contended that the claim of Mrs. Unger for an allowance for one year's support and in lieu of exempt property, created a necessity for administration. If this be true in any case in the absence of any debts against the estate, no such claim was made in the District Court nor in the Probate Court, so far as shown by the pleading. Such claim must be considered as waived when presented for the first time in the assignments of error in this court.

The fifteenth assignment of error is based upon the improper exclusion of evidence. The record shows a question to the witness and an objection of appellee, that the court sustained the objection and that appellants excepted, but it does not appear what the answer of the witness would have been. In the absence of such a showing we can not assume that the witness's testimony would have been of any benefit to appellants or its exclusion harmful to them.

We can not consider the sixteenth assignment which is stated as a proposition, and is to the effect merely that the court erred in the finding of fact referred to. The ground of error is not stated. It does not appear from the assignment that it is claimed that the evidence did not authorize the finding. It does not appear to us that the alleged error was harmful to appellants.

It was not necessary to authorize a recovery by appellee that she should establish the allegations of her petition charging fraud and collusion between Goldstein and Mrs. Unger, as to which there is no finding by the trial court. Much in the facts in evidence tends, however, to support such a finding, if it were necessary.

The twentieth assignment of error can not be considered. It is not in fact an assignment of error, but a statement of an abstract proposition of law, apparently made without any reference to any action or ruling of the court upon the trial of the case.

Other assignments of error complain of the action of the court in valuing the interest of L. Unger in the stock of goods owned by the partnership at the date of its conversion by Goldstein at $2,737 and in adjudging to appellee one-half of that amount after deducting the amount of Mrs. Unger's debt. The judgment awarded appellee $1,259.79 as her one-half of the value of the goods after deducting her one-half of claims chargeable against the same. The point raised is presented by several assignments of error which attack only the finding of fact of the trial court as to the value of the stock of goods at the time of the conversion by Goldstein, and in the propositions thereunder and the statements from the record supporting the same, appellants undertake to show that a proper consideration of the evidence would lead to a different conclusion as to the value of this stock of goods. Taking these several assignments together, as they are presented, they present this single question. The evidence as to the value of the goods as detailed in appellants' brief is confusing and evidently is not full and complete in that it takes

no account of the profit at which goods were sold. Much of the evidence in the record on this point is unintelligible to us. We do not consider it necessary to discuss it in detail. We can not say that it is not sufficient to authorize the finding by the trial court on this point.

What we have said disposes of all of the assignments of error which are so presented as to entitle them to be considered. We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.