**Placid SOWA et al., Appellants,**

**v.**

**Willie SODOLAK, Appellee.**

**No. 4019.**

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1965.

Rehearing Denied Feb. 4, 1966.

Dittert & Hruska, Dan Hruska, Bellville, Everett & Brasseaux, Charles B. Everett, Houston, Helm, Jones, McDermott & Pletcher, Raymond McDermott, Houston, for appellant.

W. I. Hill, Bellville, Tynes, Turk, Michalek & Filer, Jack J. Turk, Houston, for appellee.

WALTER, Justice.

Telesfor Sowa, individually and as next friend for his minor son Placid Sowa, filed suit against Willie Sodolak for damages on account of personal injuries sustained by the minor plaintiff on October 21, 1958, when he was struck by a pickup truck operated by the defendant. Based on the verdict, judgment was rendered that the plaintiffs take nothing. They have appealed.

The appellants contend that the court erred in not permitting them to thoroughly interrogate the witness Falvey Gooden to show that he was an adverse party at interest; that there was no evidence to war-

rant the submission of the unavoidable accident issue and that the verdict is against the great weight and preponderance of the evidence. The appellants also contend that appellee's counsel committed reversible error in trying to offer into evidence a written statement of the minor appellant.

The jury found that the appellee, Willie Sodolak, did not fail to keep a proper lookout; that he was not driving at a greater rate of speed than an ordinary prudent person; that Sodolak's failure to sound his horn was not negligence; that he did not fail to properly apply his brakes; that his failure to turn his car was not negligence and that the accident was the result of an unavoidable accident. The jury awarded Telesfor Sowa $602.00 for medical and hospital bills but awarded the minor plaintiff no damages.

Placid Sowa testified substantially as follows: On October 21, 1958, Willie Sodolak and I went to the pasture in his pickup truck to doctor a calf. We ran the calf for some time. When we thought the calf was tired, Willie told me to drive and he was going to rope the calf. He tried several times and failed. Willie started driving and I got on the running-board. After we caught up with the calf, Willie stopped the truck, I mean by that, he stopped the truck just like it was parked. I then got off the running-board to rope the calf. The calf went through the loop and I caught his hind legs. At the time I caught the calf he was about 25 feet from me and I was about 50 feet from the truck. I was sort of in front of the truck and to the right side of the truck. After I caught the calf I began to pull the rope in order to get closer to the calf. I caught the rope and just started walking toward the calf. At such time the rope was tight on the hind legs of the calf. Before Willie hit me with the truck the rope did not come off the calf. It did after he hit me.

Willie Sodolak testified substantially as follows: When Placid Sowa and I went to the pasture to doctor the calf he drove the pickup and I tried to rope the calf. I failed after three or four tries. Afterwards, I drove the truck and Placid got on the running-board. Placid jumped off of the pickup. When he threw the rope and caught the calf he was about 10 or 15 feet from the truck. Sodolak also testified to the following:

"A. He started pulling the calf real hard and before he knew it the calf pulled his leg out from the loop and Placid is running backward right in front of my, right side of my pickup."

"A. He pulled on the calf real hard, pulled on the rope real fast and the first I know, in a split second like that I heard something bang right against the side of my pickup."

Placid's version of the accident was that he had roped the calf and was moving toward the calf when he was suddenly struck from behind and run over by appellee. Sodolak's version of the incident was that Placid had roped the calf and the rope suddenly came off the leg of the calf which caused Placid to fall backward into the right front side of appellee's pickup.

Falvey Gooden investigated the accident and took the minor appellant's statement. The appellee sought to introduce this statement to impeach the testimony of the minor appellant by showing that he made contrary statements and told a different story about the way the accident occurred in his statement from the story he told on the witness stand. The appellee was never permitted to introduce the statement but he was permitted to show by Gooden that the minor appellant had made contrary statements. Gooden testified that Placid told him that the rope had come off of the hind legs of the calf before he came in contact with the truck; that the rope came off suddenly; that he was pulling backwards when the rope gave way; that

he moved backwards after the rope came loose from the calf and that he hit the right front part of the truck.

Under their assignment that the court erred in not permitting them to thoroughly interrogate the witness Falvey Gooden to show that he was an adverse party at interest, they assert that they wanted to develop the fact that such witness was the agent for the insurance company that had written the public liability insurance covering the truck involved herein. No question was asked the witness either in or outside the presence of the jury relative to such matters.

In City of Kingsville v. Rivas, Tex.Civ. App., 355 S.W.2d 813 (no writ history), the court said:

"In order to show harmful error on the exclusion of evidence, the appellant must have in the record what the witness' answer would have been. Rules 372 and 373, Texas Rules of Civil Procedure * * *".

Appellants recognize this rule but say it is not applicable here and rely upon Cunningham v. Austin & N. W. R. Co., 88 Tex. 534, 31 S.W. 629. We quote from appellants' brief as follows:

"The Supreme Court of the State of Texas in Cunningham v. Austin and N. W. R. Company states: 'The general rule is that, in order to entitle a party to a revision of the ruling of the lower Court in refusing to allow him to propound a question to a witness, he must show what answer he expected to elicit, in order that the Court may see that he has been deprived of legitimate evidence. This rule applied mainly to a case where a party is seeking to introduce original evidence, the nature of which he should be expected to know before he offers same, and it is not applicable to a case where a party is cross examining a witness of his adversary, with whose knowledge of the case he is not sup-posed to be familiar. In this class of cases, we think the better rule is that, if the question appears on its face to be calculated to elicit competent testimony, it is error to refuse the same, although counsel may not be able to state to the Court the answer intended or expected to be elicit-ed' ".

The Cunningham case was decided in 1895. Rules 372 and 373 Texas Rules of Civil Procedure were promulgated subsequent to the date of this decision. Cases decided since the rules became effective do not follow the rule in the Cunningham case.

In Williams v. Saunders, Tex.Civ.App., 243 S.W.2d 596 (no writ history), the court said:

"However, the burden is upon the appellant to show that the court committed error. The record is also silent as to what the witness would have testified to if he had been permitted to express his opinion. We cannot assume that the exclusion of said testimony was error. Goldstein v. Susholtz, 46 Tex.Civ.App. 582, 105 S.W. 219 (writ ref.); Southwestern Telegraph & Telephone Co. v. Pearson, Tex.Civ.App., 137 S.W. 733 (writ ref.)."

Appellants rely on Aguilera v. Reynolds Well Service, Inc., Tex.Civ.App., 234 S.W. 2d 282 (writ ref.). The court said in Aguilera:

"We are unwilling to hold that an agent of an insurance company which is a real party at interest may take the stand as an apparently disinterested witness, give testimony damaging to the opposing party, and then be exempt from cross-examination designed to show his connection with the company."

We cannot determine from the record before us whether Gooden was an agent for the insurance company or not. Neither

can we ascertain from this record whether he wrote the policy on the truck involved. We cannot assume that he was a real party at interest. The burden was on the appellants to show these facts and they have failed to do so.

We find there was some evidence to warrant the submission of the unavoidable accident issue.

We have considered all the evidence and have concluded that the jury's verdict is not against the great weight and preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.