## T. E. SOLOMON V. SARAH L. SKINNER ET AL.

No. 3413.

**Vendor's Lien Against Heirs Enforced in District Court.**—Suit was brought upon a vendor's lien note to enforce the lien. Pending suit the defendant died and his widow and children were made parties. By amended petition it was alleged that there was no administration nor need of one, and that the estate was insolvent. Prayer was for foreclosure only. *Held*, that the District Court had jurisdiction, and that the probate law interposed no obstacles.

APPEAL from Shelby. Tried below before Hon. JAMES I. PERKINS. The opinion states the case.

*E. B. Wheeler* and *Bryarly & Brewer*, for appellant.—The original defendant having died pending the suit, and there being no administration upon his estate, and the heirs having taken nothing from his estate, the proper remedy against them is a judgment in rem against the land, and not against the said heirs in personam. Rev. Stats., arts. 1202, 1248; Jackson v. Hill, 39 Texas, 495; Voigtlander v. Brotze, 59 Texas, 287.

No brief for appellee reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the appellant to recover of W. A. Skinner a balance alleged to be due upon a promissory note, and to enforce a vendor's lien upon a tract of land for the purchase money of which the note was given. The original defendant died while the suit was pending, and the appellees, who are his widow and children, were made parties defendants as his heirs. To the amended petition in which appellees were made parties a demurrer was sustained, and a trial amendment having been filed, a demurrer was again interposed and sustained and the suit was dismissed.

The amended petition alleged that the estate of W. A. Skinner was insolvent, that there was no administration upon it, and that there was no necessity for administration. The trial amendment merely changed the prayer of the amended original petition so as to pray for a sale of the land to satisfy the debt without a personal judgment against the heirs.

We are of the opinion that the court erred in its ruling. It is true that under our probate system as a general rule a claim against the estate of a deceased person must be enforced through an administration and not by a suit directly against the heirs. This is the case although the suit for the recovery of the debt be pending against the debtor at the time of his death. The statute authorizes the suit to be revived and prosecuted to judgment against the administrator, but the judgment must be certified to the County Court for payment in due course of administration. But the case made by the petition under consideration is peculiar. We attach no importance to the allegation that there is no necessity for an administration. This is a conclusion of law, and seems inconsistent with the allegation of the insolvency of the estate. It may be that the property of the estate subject to be administered is not sufficient to justify the expenses of administration. But even that would not show that there exists no necessity for an administration. That condition exists when there are no debts against the estate. Possibly it may also exist when, in a suit like this which is pending at the death of the intestate, the debt sought to be recovered is the only debt against the estate. But the petition contains no such allegation, and we need not determine that question. But the facts are averred, which if true entitle the plaintiff to enforce the vendor's lien for the payment of her claim; and it is also averred that there is no administration existing upon the estate. The question then is, Did the District Court have power to proceed to judgment and to order a sale of the land for the payment of the debt without contravening the policy of our probate laws? These laws provide for the establishment of claims against the estate of a deceased person, and for their classification and payment in a certain prescribed order. Their purpose is mainly to protect creditors and the widow and minor children in their respective rights. Their respective priorities could not be preserved if a creditor were entitled to enforce his claim through the ordinary tribunals which have jurisdiction of suits for the collection of debts. But the plaintiff in this case by her trial amendment seeks only to subject the land to the payment of her debt, and her lien as to that land is superior to all other claims whatever. Why, then, subject her to the expense of forcing an administration upon the estate of her alleged debtor, of bringing in the administrator when appointed, and then of taking her claim to the County Court to be enforced through the tedious and expensive process appropriate to that tribunal? In a suit like

the present, there being no administrator to be made a party and the creditors not being represented, their rights would probably not be affected. At all events they could, at any time before the sale of the land under execution, arrest the proceedings by taking out letters of administration and draw the enforcement of the claim to the County Court. Even after sale the administrator would be entitled to any surplus that should remain after discharging the debt.

We think this is a case in which the remarks of the court in Patterson v. Allen, 50 Texas, 23, are applicable: "The cases are numerous in which heirs have been allowed to sue without or notwithstanding administration: and we think that where, on account of the action of the heirs, no object is to be accomplished by administering, then administration as against them has also become unnecessary." The defendants in this case could have caused letters of administration to issue had they so desired. They have not done so, and it is not perceived that administration is at all necessary to protect their rights. No allowance which could be made to them would take priority over the claim of plaintiff as to the land which is sought to be subjected to the payment of her lien.

If not in contravention of our laws relating to the estates of deceased persons, the plaintiff would have a clear right to the remedy sought in her trial amendment. The defendants hold the legal title to the land, and she has a lien upon it which she seeks to enforce in a court of equity. But for our statutes she would have an unquestionable right to such relief; and we are of opinion that in the present case they do not present an obstacle to the recovery, provided she prove the case alleged in her petition.

Because of the error of the court in sustaining the demurrer to the petition after filing the trial amendment, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 27, 1891.