### E. L. ANGIER v. J. B. JONES.

Decided March 25, 1902.

**1.—Administration—Venue—Situs of Judgment.**

Where a decedent died in one county and the only property he owned was a judgment in another county, the probate court of such latter county had not jurisdiction to administer on his estate, since the situs of the judgment, it being a chose in action, followed the residence of the owner. Rev. Stats., art. 1843.

**2.—Same—No Necessity.**

The mere fact that there are debts due the estate of a decedent does not authorize administration thereon, since the heirs may in such case sue and make distribution.

Appeal from Walker. Tried below before Hon. J. M. Smither.

*Sam R. Henderson,* for appellant.

*Ball, Dean & Humphrey,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is from a judgment of the District Court of Walker County refusing to grant appellant's

application for letters of administration upon the estate of J. T. Foreman, deceased. The County Court of said county refused the application on the ground that it had no jurisdiction of the estate of said deceased, and upon an appeal to and a trial de novo in the District Court a similar judgment was rendered. The application for administration is as follows:

"And now comes E. L. Angier, who resides in the county of Walker, State of Texas, and makes application to the court for letters of administration on the estate of J. T. Foreman, deceased. Said applicant represents that the said J. T. Foreman is dead; that he died in the county of Morris, State of Texas; that he died in February (the exact date not remembered), 1898. That so far as applicant knows, that said J. T. Foreman died intestate. Applicant represents that said decedent left a small estate in Walker County, Texas, said estate consisting of a money demand for about the sum of $1383 and 61-100, that said demand was in a judgment in cause No. 2647, and styled J. T. Foreman v. The Missouri Pacific Railway Company, on the civil docket of the District Court of Walker County, Texas. Applicant represents that the judgment when obtained amounted to the sum of $2805.99, or thereabout; that on May 26, 1898, a contract was filed in the papers of said cause representing that a firm composed of Abercrombie & Randolph were entitled to one-half of said judgment; that the remaining one-half of said judgment belongs to the heirs of said J. T. Foreman; that said sum is now in the registry of the court, or has been collected by parties not authorized to collect the same. Applicant represents that this is the only property, so far as he knows, that belongs to decedent's estate. Applicant represents that he is authorized by a substitute power of attorney made to him by Sam R. Henderson, who holds a full power of attorney from the heirs with power of substitution from the heirs of said decedent, J. T. Foreman, giving and granting him full power to administer on the estate of the late J. T. Foreman. That the applicant is not disqualified for any other reason of administering on the estate of said decedent. Premises considered, applicant would pray for process and that on hearing of this that he be appointed administrator of the estate of said decedent, as he shall ever pray, etc."

The appellee, claiming to be interested in said estate, contested the application for administration. The following facts are disclosed by the record: J. T. Foreman died at Dalby Springs, in Morris County, Texas, in February, 1898, intestate. He was a widower at the time of his death and left several children. He had no fixed residence, and owned no property except a one-half interest in a judgment in his favor for $2805.99 rendered by the District Court of Walker County against the Missouri Pacific Railway Company. An appeal from this judgment was pending at Foreman's death, and the judgment was not made final until the 21st of April, 1898. The railroad company paid the amount of the judgment into the registry of the District Court of Walker

County on July 5, 1898, and on the same day the clerk of said court paid over to S. M. Randolph one-half of the amount received in satisfaction of said judgment, and paid the remainder to the appellee upon two notes and an open account held by him against the said Foreman. The two notes aggregated the sum of $1285.14 and purported to be secured by an assignment of Foreman's interest in said judgment. The heirs of Foreman executed a power of attorney to Sam R. Henderson with power of substitution authorizing him to administer upon the estate, and appellant was empowered by said Henderson to apply for and receive letters of administration.

We are of opinion that the court below properly held that it was without jurisdiction of the estate of Foreman, and for that reason properly refused appellant's application for letters of administration. The only property owned by Foreman at his death was the one-half interest in the judgment rendered in the District Court of Walker County, the cause in which said judgment was rendered being then pending in the Court of Appeals. It is not shown that Foreman was ever a resident of Walker County, and the application and evidence in the case show that he died in Morris County, Texas. Article 1843, Revised Statutes, fixes the jurisdiction in which letters of administration may be granted upon the estate of a deceased person as follows: "1. In the county where the deceased resided, if he had a domicile or fixed place of residence in the State. 2. If the deceased had no domicile or fixed place of resident in the State, then either in the county where his principal property was at the time of his death, or in the county where he died. 3. If he had no domicile or fixed place of residence in the State and died without the limits of the State, then in any county in this State where his nearest of kin may reside. 4. But if he had no kindred in this State, then in the county where his principal estate was situated at the time of his death."

We think it clear from the evidence in this case the jurisdiction to administer upon Foreman's estate exists only in the County Court of Morris County, the county in which he died. We do not think the contention sound, that because the only property he owned at the time of his death was a judgment rendered in the District Court of Walker County in the purview of the statute above quoted his principal property was situate in said county. The situs of a judgment or of any chose in action follows the residence of the owner and can not in law be regarded as being situate elsewhere, and it can not be said that Foreman owned any property in Walker County at the time of his death. Ferris v. Kemble, 12 S. W. Rep., 689.

We are also of the opinion that the application should have been refused because it fails to show any necessity for an administration. The mere fact that there are debts due the estate of a deceased person does not authorize the appointment of an administrator and incurring the expense of an administration. If there are no creditors of the estate and the heirs of the decedent are known and are under no disability,

no necessity for an administration is shown. The heirs in such case can sue and recover the debts if it be necessary to bring suit for that purpose and can divide the proceeds of the estate among themselves without the assistance of a probate court, and the appointment of an administrator to represent them is entirely unnecessary.

The appellee in this case has no such interest in the estate of Foreman as would entitle him to be heard as contestant to the granting of letters, and appellant's exception to the contest filed by him should have been sustained. This error of the trial court can not, however, affect the judgment rendered upon the merits of the application. Neither the application nor the evidence in the case show any necessity for an administration, nor that the court had jurisdiction of the estate of the deceased, and therefore the application must have been refused, whether same was contested or not. We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.