HART v. HART et al. (No. 7177.)

(Court of Civil Appeals of Texas. Dallas. Oct. 24, 1914. Rehearing Denied Nov. 28, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 3*) — APPOINTMENT OF ADMINISTRATOR — NECESSITY.

While the probate court has exclusive jurisdiction to administer a decedent's estate, letters of administration may be refused if there is no necessity for administering it there; as where there are no creditors of the estate, those interested in it are under no legal disability, the widow is in actual possession and use of the homestead, and partition of real estate, owned by deceased and his children by former wives, and allowances to the widow, may be adjusted in a suit for partition already filed by her, or by the parties in interest themselves.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1, 3–14½, 1782; Dec. Dig. § 3.*]

2. EXECUTORS AND ADMINISTRATORS (§ 3*) — REFUSAL OF APPOINTMENT — DISCRETION —REVIEW.

There is a discretion in the lower courts to refuse appointment of an administrator as unnecessary; and, such ground for refusal being fairly sustained by the evidence, and it appearing nothing was refused but what may be adjusted in a pending suit by intestate's widow for partition, the ruling will not be disturbed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1, 3–14½, 1782; Dec. Dig. § 3.*]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Proceeding by Emma A. Hart against Ira E. Hart and others for appointment of petitioner as administratrix. From an adverse judgment of the district court, on appeal from a refusal of the petition, petitioner again appeals. Affirmed.

McClellan & Prince, of Corsicana, for appellant. Richard Mays and J. S. Callicutt, all of Corsicana, for appellees.

RASBURY, J. This is an appeal from a decree of the trial court refusing to appoint appellant permanent administratrix of the estate of her deceased husband, Dr. C. H. Hart. The application alleged that administration was necessary for the purpose of paying debts against the estate. Appellees, children by former wives of decedent, contested the application of appellant on the grounds mainly that there were no debts against the estate, that there existed at decedent's death no community assets of appellant and decedent, his estate being separate property, consisting

mainly of a half interest in lands and in the property occupied by deceased and appellant as a homestead, in which appellant was at most entitled to a life interest in one-third, and that all those interested in the estate were adults, and that the same could be partitioned by agreement, or in another court of competent jurisdiction, thereby saving unnecessary expenses of administering the estate in the probate court. Appellant met the contest of appellees by asserting that valid debts did exist against the estate, since she was entitled to an allowance out of the estate sufficient for her maintenance for one year, and an allowance in lieu of articles exempted to her by law, but not left by deceased; also that administration was necessary for the purpose of setting aside to her a homestead, and in that respect she alleged that she was, and had been since decedent's death, in possession of the homestead of her deceased husband, occupying same with her two unmarried daughters and minor son, children by a former husband. No other issue was raised by either side which was supported by the testimony.

The trial judge filed no conclusions of fact, but in support of the judgment the record will sustain the following facts: Dr. C. H. Hart, deceased, was married three times, appellant, whom he married in 1903, being the third and surviving wife. Appellees are children by former wives; Mrs. Rich being a daughter by the first wife, and Mrs. Garrett and Ira E. Hart being, respectively, daughter and son by the second wife. There was no issue of the marriage of appellant and deceased. Dr. Hart died September 26, 1910, at Corpus Christi, where he had gone in search of health. After his death appellant and appellees by mutual agreement used what money Dr. Hart had in cash to pay the expenses of his last illness, his funeral expenses, and the expense of appellant in returning to Corsicana, where Dr. Hart and appellant resided, save $100, which was retained by appellant for her personal necessities. The debts above enumerated and so paid were all the debts owing by Dr. Hart at the time of his death, and all had been paid when the application for letters was filed by appellant. At the time Dr. Hart died his son-in-law, N. F. Garrett, owed him $500, balance on the amount for which Dr. Hart had sold Garrett his interest in a grocery business, formerly conducted by Garrett and Ira Hart. Garrett and Hart also owed Dr. Hart $250, rentals for Dr. Hart's interest in certain lands owned on the one hand by Mrs. Garrett and Ira Hart and the other by Dr. Hart, and which had been acquired by Dr. Hart and his former wife, the mother of Mrs. Garrett and Ira Hart. Dr. Hart had an undivided half interest in approximately 200 acres of land in Navarro county, the other one-half belonging to his children by his former wives. He also had a similar interest in the homestead in

Corsicana, consisting of about 10 acres of land and a residence thereon. Appellant occupied this home after Dr. Hart's death, and was so occupying same at the date of the trial of the instant case, including furniture therein. No real property was acquired by appellant and Dr. Hart after their marriage. There were some unimportant items of personalty, other than the furniture of the home, owned by Dr. Hart at his death, which we deem it unnecessary to enumerate. After the probate court refused to appoint appellant permanent administratrix of the estate of her deceased husband, and pending appeal therefrom to the district court, she filed in said district court an independent suit in trespass to try title and for partition against appellees for her husband's interest in certain lands alleged to belong in common to Dr. Hart and appellees, asserting a one-third interest in an undivided half thereof for life, as well as one-third of any rents denied her and appropriated by appellees subsequent to her husband's death. The allowance for one year's maintenance and that in lieu of certain exempt articles, to which the records show appellant was entitled, was not made by the county judge, nor did he set aside to appellant the homestead.

[1] There is but one issue disclosed by the record, the action of the district judge in refusing to appoint appellant permanent administratrix of the estate of her deceased husband on the ground that a necessity therefor did not exist, although other issues arise incidental to the controlling one. For that reason we shall not attempt a discussion seriatim of the various assignments of error, but discuss the issues as such. It cannot and will not be denied at this period in our jurisprudence that the probate court has exclusive jurisdiction to administer the estates of deceased persons, and that when such court has properly acquired jurisdiction and the consequent legal possession of the estate of a deceased person for such purpose, it has, among other matters, exclusive authority to establish and allow claims against the estate, make allowances for the maintenance of the surviving widow and children of the deceased, also allowance in lieu of exemptions, set aside the homestead to those entitled thereto, and to partition and distribute the residue thereof. McCorkle v. McCorkle, 25 Tex. Civ. App. 149, 60 S. W. 434; Wilkinson v. McCart et al., 53 Tex. Civ. App. 507, 116 S. W. 400; Buchner et al. v. Wait et al., 137 S. W. 383.

It is equally clear and nearly as well settled that letters of administration may be refused if it appears no necessity exists for administering the estate in that court. This rule has been asserted mainly in cases originally filed in the district court seeking a division of property and an adjustment of equities growing out of joint or common ownership thereof. Solomon v. Skinner et al.,

82 Tex. 345, 18 S. W. 698; Moore v. Moore, 89 Tex. 29, 33 S. W. 217; Goldstein v. Susholtz, 46 Tex. Civ. App. 582, 105 S. W. 219. Generally the district court, on objection to its jurisdiction in such cases, has retained it on the ground that the property of the estate is insufficient to justify the expense of administration, or that, there being no creditors of the estate and those entitled to same being under no legal disability, no necessity for administration exists. Angier v. Jones, 28 Tex. Civ. App. 402, 67 S. W. 449. The rule is recognized in Buchner v. Wait, supra, with the qualification that where a decedent has, by will, selected the probate court to administer his estate, no other reason for invoking the court's control is necessary. The rule then being as we have indicated, does the testimony support the decree of the court? We conclude it does. It is not seriously disputed by appellant that she agreed with appellees that the latter should use what money Dr. Hart possessed when he died in paying the debts he owed, which were mainly those incurred as the result of his last illness and death, and that it required all he had for that purpose. Thus there were no creditors' claims to be established and allowed by an administratrix.

[2] It then remains to determine whether the court should have made the appointment in order to set aside a homestead for appellant, make an allowance for maintenance and one in lieu of exempt articles, and partition the estate. Certainly we believe it cannot be intelligently urged that administration was necessary in order to set aside the homestead. The evidence is undisputed that appellant was in actual possession and use of the homestead occupied by her and her husband prior to his death, including the furniture therein, the land consisting of 10 acres, which she has used and cultivated since the death of her husband, as a consequence she was in complete enjoyment and possession of as much as the order of the probate court could have conferred upon her, or the Constitution secures to her, and which she may continue to enjoy until appellees demand a partition of the estate, or agree upon same, as they may lawfully do. Of course ultimately, if the title to the land is as indicated by the record before us, her homestead will have to be confined to the separate property of her deceased husband. Crocker v. Crocker, 19 Tex. Civ. App. 296, 46 S. W. 870. Thus administration was clearly unnecessary for the purpose of setting aside the homestead. It is equally clear that administration was unnecessary for purposes of partition, since she had no such interest in the lands of the estate as could not be adjusted at less expense in the suit she voluntarily instituted in the district court before presenting her application in the case at bar. So far as the question of allowances is concerned, it appears that at the time Dr. Hart died his son and son-in-law owed him about $750, appellant's interest being one-half. If the interest of Dr. Hart in the land is as appears in this proceeding, she will be at this time entitled to an additional sum of about $250, or at least an amount readily ascertainable. These matters, as indicated, may be adjusted either in the partition suit already filed by appellant, or by the parties in interest themselves, and are wholly insufficient, it occurs to us, to sustain a proceeding for letters of administration. A discretion is clearly vested in the county and district courts in such matters, and if their refusal to appoint an administratrix is fairly sustained by the evidence, and it appears that nothing was refused but that which may be adjusted in a suit for partition in the district court, which was pending at the time of such refusal, such ruling will not be disturbed.

Finding no reversible error in the record, the judgment of the lower court is affirmed.