ESTATE OF P. A. CHAPMAN, J. O. CHAPMAN, HEIR AT LAW AND AGENT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9566.   Promulgated October 29, 1927.

> Where necessity did not exist for an administration upon an estate, attorney's fees paid by one of the heirs for legal assistance and amounts retained as commissions for his services in connection with the distribution of the assets, are not allowable deductions from the gross estate in determining the net estate under the provisions of section 403 (a) (1) of the Revenue Act of 1921.

*Albert A. Jones, Esq.*, for the petitioner.
*R. J. Copes, Esq.*, and *L. S. Pendleton, Esq.*, for the respondent.

This appeal involves a deficiency in estate taxes in the amount of $3,375.  The deficiency arises on account of the action of the Commissioner in disallowing as a deduction the amount of $25,000 claimed as administration expenses and executor's commissions.

In the deficiency notice the Commissioner allowed one-half of the amount claimed upon the ground that the estate was community

property and only one-half of the amount was included in the gross estate. In his answer the respondent avers that it was error to allow any part of the amount claimed as a deduction as executor's commissions and attorney's fees and that the deficiency should be increased.

### FINDINGS OF FACT.

On February 16, 1924, P. A. Chapman, a resident of Texas, died intestate and left him surviving his widow and eight children, all of whom were *sui juris*. At the time of his death the decedent and his wife were the owners of a community estate consisting of real estate and personal property of a value in excess of $4,000,000. Under the laws of Texas this community estate, at the decedent's death, passed one-half to the wife and one-half to the children. The estate was not administered under the Texas statutes.

After the death of decedent one of his children, a son, acting for himself and as agent for all the other persons to whom the estate passed, took charge of the estate pending distribution and for the purpose of making proper distribution of assets, and retained counsel to advise him in that regard. For the services thus rendered the attorney and the son were each paid $12,500 out of the corpus of the estate before distribution to the persons entitled thereto. In the return which the son as heir at law and agent filed on behalf of the estate for Federal estate-tax purposes, attorney's fees in the amount of $12,500 and " executor's commissions " in the amount of $12,500 were claimed as deductions as administration expenses. The respondent in computing the deficiency determined that the attorney's fees claimed were an administration expense upon the entire community estate of the decedent and his wife and allowed one-half of same, $6,250, but disallowed the remainder as well as the whole of the account of the claim of executor's commissions.

Under the law of Texas, on the death of a decedent his estate passes to his widow and children without formal statutory or judicial administration. The Texas statute required that there must be a showing to the court of the necessity for an administration before the estate could be subjected to such a proceeding. The necessity did not exist in this case as there were no heirs of disability and no creditors, and it is conceded that had application for administration been made it would have been denied. The estate was settled through family administration in accordance with the recognized practice in the State of Texas.

### OPINION.

TRAMMELL: The question presented for decision is whether the amounts paid to the son and to the attorney, under the facts set forth above, are deductible as administration expenses from the gross

estate in order to determine the net estate subject to Federal estate tax.

The applicable provisions of the Texas statutes bearing on this question are as follows:

ART. 3235. (1869) (1817). In whom property vests upon death of testator or intestate.—

When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law, but all of such estate, whether devised or bequeathed or not, except such as may be exempted by law from the payment of debts, shall still be liable and subject in their hands to the payment of the debts of such testator or intestate; and, whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but, upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and it shall be the duty of such executor or administrator to recover possession of and hold such estate in trust to be disposed of in accordance with law. (Vol. 2, Vernon's Sayles' Tex. Stats., 1914.)

ART. 3255. (1888) (1835) Application of letters of administration shall state:

1. The name of the deceased; that he is dead, and the time and place of his death, and that he died intestate.

2. The facts necessary to show that the court has jurisdiction of the estate.

3. The nature and probable value of the estate.

4. That a necessity exists for an administration upon such estate, setting forth the facts which show such necessity.

5. That the applicant is not disqualified by law to act as administrator. (Vol. 2, Vernon's Sayles' Tex. Stats., 1914.)

It is conceded by the petitioner that there was no necessity for administration of the estate under the Texas statutes and that if application for administration had been made showing the facts as they were, the court would have denied the application under section 3255. This is in accordance with the decisions of the Texas courts. In the case of *Angier* v. *Jones* (Tex.) 67 S. W. 449, the court said:

We are also of the opinion that the application should have been refused because it fails to show any necessity for an administration. The mere fact that there are debts due the estate of a deceased person does not authorize the appointment of an administrator, and incurring the expense of an administration. If there are no creditors of the estate, and the heirs of the decedent are known and are under no disability, no necessity for an administration is shown. The heirs in such case can sue and recover the debts, if it be necessary to bring suit for that purpose, and can divide the proceeds of the estate among themselves without the assistance of a probate court; and the appointment of an administrator to represent them is entirely unnecessary.

To the same effect see *Hart* v. *Hart* (Tex.) 170 S. W. 1071, l. c. 1073.

The widow and the children became the absolute owners of the assets of the decedent at the time of his death. The estate, with respect to the management of which the son and the attorney rendered services, was not at the time those services were rendered the decedent's estate but was the estate of the widow and children. The pertinent portion of section 403 of the Revenue Act of 1921 is as follows:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for * * * administration expenses, * * * *as are allowed by the laws of the jurisdiction,* whether within or without the United States, *under which the estate is being administered.* * * * (Italics ours.)

Under section 403 (a) only such administration expenses as are allowed by the laws of the jurisdiction are allowable as deductions from the gross estate. In this case the laws of Texas, as construed by the courts of that State, do not authorize the incurring of administration expenses. No necessity for such expenses was shown. The attorney's fees and so-called executor's commissions which petitioner claims as deductions representing administration expenses are, therefore, not allowable under the laws of the jurisdiction and are not deductible from the gross estate under section 403 (a) (1).

The views herein expressed are not in conflict with our opinions in the cases of *James D. Bronson et al. Trustees,* v. *Commissioner,* 7 B. T. A. 127, and the *Estate of Jacob Voelbel* v. *Commissioner,* 7 B. T. A. 276.

In the *Bronson* case, *supra,* certain individuals who had been named as executors and trustees in the will took possession of the assets of the estate, proceeded to the marshaling of the estate, valuing assets, determining and paying debts, claims, taxes, etc., in the settlement of the estate prior to and preparatory to taking over and administering the property conveyed in trust, but they decided not to probate the will and did not obtain letters testamentary. These individuals allowed and paid themselves reasonable compensation of $10,000 each for their services in this connection, a total of $30,000. We held that the amounts were allowable as deductions under section 403 (a) (1) in determining the net estate. In that case the decedent was a resident of New York, the estate was administered under the laws of that State. We there said:

* * * The laws of the State of New York, the jurisdiction under which this estate was administered, permit and make allowance for expenses of this character.

Section 285 of the New York Surrogate's Court Act provides in part that—

" On the settlement of the account of any executor, administrator, guardian or testamentary trustee, the surrogate must allow to him his just, reasonable

and necessary expenses actually paid by him, * * * and in addition thereto the surrogate must allow to such executor, * * * for his services in such official capacity, and if there be more than one, apportion among them according to the services rendered by them respectively: * * * The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. But this shall not apply in case of a specific legacy or devise."

This is a mandatory provision, that such expenses as are here involved *must* be allowed when the court is supervising the administration of the estate. The court has no discretion in the matter of allowing such expenses except perhaps as to the reasonableness thereof and that feature is not involved in this proceeding and if it were this Board could determine the reasonableness of the amount. *Una Libby Kaufman, Executrix*, 5 B. T. A. 31.

The laws of New York specifically made provision for the allowance of the expenses in that case. In this case the laws of Texas make no such provision.

In the *Voelbel* case, *supra*, the will of the decedent was probated in the Surrogate's Court of Kings County, New York. The executor was duly qualified and was acting as such when he employed an attorney for a stated fee, and a greater compensation if the Surrogate's Court would approve of a larger fee. Section 222 of the New York Surrogate's Court Act provides as follows:

An executor, administrator, guardian or testamentary trustee may pay from the funds or estate in his hands from time to time, as shall be necessary, his legal and proper expenses of administration necessarily incurred by him, including the reasonable expense of obtaining and continuing his bond and the reasonable counsel fees necessarily incurred in the administration of the estate. Such expenses and disbursements shall be set forth in his account when filed, and settled by the surrogate.

In that case the respondent urged that the administration expenses, such as those under consideration, being subject to the orders of the court, and not having been paid or "settled" by the court do not come within the purview of section 403 of. the Act as expenses that are "allowed by the laws of the jurisdiction * * * under which the estate is being administered." We said (p. 278): "Upon that point we believe the *Stern* case is controlling, and that regardless of the fact that the claims have not been paid, or passed upon by the court, they are deductible *in an otherwise proper situation.*" (Italics added.)

In *Appeal of Samuel E. A. Stern et al., Executors*, 2 B. T. A. 102, we said:

It does not appear from the above that the amounts are required either to have been allowed by actual order of the court or to have been paid, but merely that they shall be such charges as are proper deductions and as in the ordinary course of the administration of the estate will ultimately be allowed. In case the amount actually expended presents a material variance from the

amount "allowed by the laws of the jurisdiction, * * * under which the estate is being administered," some question may properly arise as to whether the amount actually expended or the amount lawfully allowable shall be used. It would seem, however, to be the obvious intent of Congress that the determination of the estate tax should not wait upon the final settlement of the estate and a reduction to absolute certainty of all claims against it. The Board is, therefore, of the opinion that the amount claimed by the taxpayer for executors' fees in the sum of $15,500, not denied by the Commissioner as a reasonable estimate of the amount allowable or allowed by the laws of the State of New York, should be permitted to be deducted in the computation of the tax. Should there be a variance on final administration, the Commissioner, if he believes there is warrant in the law for so doing, may at that time assert a deficiency in tax upon which the Board may then properly pass.

In the cases referred to the expenses were allowed in the sense that they were permitted by the law of the jurisdiction.

In this case the law of the jurisdiction made no provision for such expenses under the circumstances set out. The Supreme Court of Texas has held that under such facts the law does not authorize the incurring of expenses of administration.

The expenses here involved were neither allowed nor allowable by the *lex domicilii*. Therefore, under the express provisions of section 403 (a) (1) the amounts are not deductible in determining the net estate.

The respondent was in error in allowing a deduction of $6,250 as attorney's fees. The deficiency should be increased accordingly.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*