## ROGERS v. BARBEE et al.
### No. 10718.

Court of Civil Appeals of Texas. Dallas.
Oct. 11, 1930.

Rehearing Denied Nov. 15, 1930.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Claude C. Westerfeld, of Dallas, for defendant in error.

LOONEY, J.

This appeal is from an order of the district court dismissing appellant's petition for the appointment of an administrator of the estate of Mrs. Mary L. Leonard, deceased. The material facts are these: Mrs. Leonard, a widow, died intestate in the city of Dallas on June 22, 1927, leaving an estate consisting of from $55,000 to $60,000 in cash and unincumbered real estate of the estimated value of from $60,000 to $75,000. Mrs. Leonard was adjudged to be of unsound mind, by the probate court of Dallas county, and Mrs. J. H. Barbee, appellee, during the month of January, 1927, was appointed guardian of the person and estate of said intestate; the appointee qualified as guardian, took possession of the properties belonging to said estate, and at the time of the trial, March 28, 1929, had not been discharged, although her final account for settlement had been filed, was approved and all accounts against the guardianship paid, except the claim of appellant. At the time of the guardianship Mrs. Leonard was past 90 years of age, and, in addition to the infirmities of age and her deranged mind, she was afflicted with cancer and had other troubles, requiring the services of a physician and the constant attention, day and night, of a nurse and helper. In this situation the guardian applied to the court for and was granted an order permitting the expenditure of $600 per month for the support and maintenance of her ward, including necessary compensation for the services of a physician, nurse, and helper.

On May 8, 1927, appellee engaged appellant, a practicing physician, to render professional services to her ward, no compensation being stipulated, although appellee informed appellant that she was acting as guardian under orders of the probate court. Appellant rendered professional services to intestate from May 8, 1927, to June 22, 1927, the date of her death, and on June 27, 1927, presented to appellee a bill claiming $1,513 for his services. Appellee rejected the claim on July 12, 1927, because she considered the charge exorbitant, and, at the time of the trial, March 28, 1929, appellant had failed to institute suit against the guardian for its establishment.

Soon after the death of intestate, several applications were filed in the probate court for letters of administration on her estate, but appellant was the only one to appeal from the order of the court dismissing the several applications. Appellant, claiming to be a creditor of the estate, made application to have W. F. Skillman, a resident of Dallas, appointed administrator, which was contested by appellee, on grounds, among others, that, appellant having failed to file suit within 90 days after his claim was rejected, the same was barred under the provisions of article 4244, R. S. 1925; therefore he was neither in-

terested in, nor a creditor of, said estate; but. if appellant's claim was not in law barred as contended by appellee, nevertheless it was the only claim against the estate, and that its existence furnished no sufficient reason for the appointment of an administrator. The district court of Dallas county tried the case, on appeal from the county court, and adjudged that no necessity existed for administration and dismissed the application, from which order this appeal is prosecuted.

The record justifies the conclusion that appellant's was the only claim against the estate; that Mrs. Barbee and her brother, William Spillers of Sebree, Ky., grandchildren of the intestate, were her nearest blood relations and her only living descendants at the time of her death.

The record discloses that, about two years prior to the trial of the case below, Mrs. Jessie Cubley filed suit in a district court of Dallas county, contending therein that, by virtue of a contract, she became and was an heir of intestate by adoption. And on trial her contention was sustained, but the case was appealed by Mrs. Barbee and her brother, William Spillers, and is now pending.

This brings us to appellant's assignments. He challenges the correctness of the order of court dismissing his application, contending that his status as a creditor was controlled by the general rule requiring creditors to collect claims through an administrator, that he was not within any exception permitting suit against the heirs, or the pursuit of property of the estate; hence that an administrator should have been appointed, and the court erred in dismissing his petition. Appellee contends that, as appellant failed to institute suit on his claim against the guardian within 90 days after its rejection, the same was barred by limitation under the provisions of article 4244 (4214) (2711) (2629), R. S. 1925. This contention is met by the insistence that, on the death of Mrs. Leonard, the guardianship ended, and thereupon it was the duty of the guardian to immediately file her account for final settlement, as provided in article 4296, R. S. 1925, and that suit by appellant against the guardian, under these circumstances, was altogether unauthorized.

Our courts have held in several cases that the guardian is not discharged by the death of the ward, nor is the fiduciary relation ended until the guardian is discharged by an order of court. See Marlow v. Lacy, 68 Tex. 157, 2 S. W. 52; Allen v. Stovall, 94 Tex. 618, 630, 63 S. W. 863, 866, 64 S. W. 777; Zurich, etc., Co. v. Wood (Tex. Civ. App.) 27 S.W.(2d) 838, 840.

The professional services rendered by appellant to intestate were at the instance of the guardian, the indebtedness accrued before the death of the ward, and we find appreciable wisdom in the requirement that, on rejection, suit be instituted against the guardian for the establishment of the claim, because same arose from a contract with the guardian, who necessarily had a superior knowledge of the facts, and was in a better position to protect the interest of the estate. Certainly the statute (article 4296) puts an end to the power of a guardian to create, after the death of a ward, obligations against the estate, but this principle is not violated by keeping open the guardianship for the purpose of adjusting all claims arising, before the death of the ward, out of contracts and transactions initiated by the guardian. This procedure, we believe, is due the guardian and his sureties, and is appropriate for the due administration of justice.

However, we leave undecided this question of limitation, because we are of opinion that the issue may be adjudicated in any suit appellant may institute on his claim against the heirs and distributees, and express these tentative views thus inconclusively, in response to the rather elaborate and lengthy discussion of the matter in appellant's brief.

 While the well-recognized general rule is that there must be an executor or administrator representing an estate to enable a creditor to bring suit to subject property of the decedent to the payment of his debt, there are well-recognized exceptions to this rule, and we are of opinion that this case belongs to the category of exceptions; therefore hold that the trial court did not err in adjudicating that no necessity existed for the appointment of an administrator. The reason for the general rule, just stated, "is mainly to protect creditors and the widow and minor children in their respective rights." Solomon v. Skinner, 82 Tex. 345, 346, 18 S. W. 698; also see Patterson v. Allen, 50 Tex. 23–26. There is but one claim against this estate, that of the appellant; hence conflicting rights of creditors are not involved; no interest of a widow or minor children intrudes, no claims are to be collected, cash in bank and unincumbered real estate alone constitute the estate. On the death of intestate, her property passed immediately to and vested in those legally entitled to share on distribution, and, while their possession at this time is simply constructive, their titles and rights are clear and definite. 12 C.J. 1305. The heirs entitled, under the law, to share in the distribution of the estate, as disclosed by the record, are the two grandchildren, Mrs. Barbee and William Spillers, also Mrs. Cubley, if she sustains her claim as an heir by adoption, are well known, and capable of suing and being sued; hence we are of opinion that the case is not controlled by the general rule, and that no reason exists why appellant's rights as creditor may not be vindicated by suit against these claimants in a court of competent jurisdiction. See Green v. Rugely, 23 Tex. 539, 544; Patterson v. Allen, 50 Tex. 23, 26; Solomon v.

Skinner, 82 Tex. 345, 346, 18 S. W. 698; Low v. Felton, 84 Tex. 383, 386, 19 S. W. 693; Moore v. Moore (Tex. Civ. App.) 31 S. W. 532, 533; Angier v. Jones, 28 Tex. Civ. App. 402, 67 S. W. 449; Goldstein v. Susholtz, 46 Tex. Civ. App. 582, 105 S. W. 219, 221; Hart v. Hart (Tex. Civ. App.) 170 S. W. 1071; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002, 1007.

As above indicated, we think the judgment of the court below is correct and should be affirmed, and it is so ordered.

Affirmed.