### GILL et al. v. BAIRD et al. *
### No. 2000.

Court of Civil Appeals of Texas. Beaumont.

Nov. 21, 1930.

Rehearing Denied Dec. 3, 1930.

Tom F. Coleman, of Lufkin, for appellants.

J. J. Collins, of Lufkin, for appellees.

O'QUINN, J.

This is a suit between the heirs of L. E. and Mattie Baird, both deceased, for partition of certain real estate left by said L. E. and Mattie Baird. The plaintiffs Lila Baird, a feme sole, Robbie Jones, joined by her husband, M. R. Jones, Lela Holt, joined by her husband, J. T. M. Holt, and Winnie Ivy, joined by her husband, N. D. Ivy, filed their petition in the district court of Angelina county on October 21, 1929, against Bertie Gill, a feme sole, and Laura Dunham and her husband, F. L. Dunham, all said parties being children and heirs at law of L. E. and Mattie Baird.

Plaintiffs alleged that L. E. and Mattie Baird died possessed of certain real and personal property. That on February 12, 1929, said heirs, plaintiffs and defendants herein, executed a deed of partition by which they partitioned all of the property and estate of said L. E. and Mattie Baird, deceased, among said heirs, except certain described real estate, same being certain lots in the town of Huntington, Tex., and alleged the value of said unpartitioned property was $3,000. They further alleged that each of said heirs, plaintiffs and defendants, owned an undivided one-sixth interest in and to said property, and that there were no debts owing by said estate. That, if the court should determine that the lots in question be found not susceptible to partition, then in that event they be sold to the highest bidder and the proceeds equally

divided among said heirs. They further alleged that both L. E. and Mattie Baird died intestate, and that no administration was taken out on the estates of either, and that plaintiffs and defendants were the sole and only surviving heirs, and that all and each of them were of lawful age, and prayed that said property, twenty-four lots, be partitioned among said heirs, or, in the event said lots could not be partitioned, then that same be sold and the proceeds equally divided among them, and that the costs of suit be taxed equally against them.

The defendants answered by general demurrer, general denial, and a plea of not guilty. They admitted that the parties plaintiff and defendant were the heirs and only heirs of L. E. and Mattie Baird, but denied that L. E. Baird died intestate, and alleged that he left a will wherein he willed to his wife all his property, both real and personal. They admitted that L. E. and Mattie Baird left an estate consisting of both real and personal property, and that on February 12, 1929, the heirs executed the partition deed pleaded by plaintiffs, but alleged an oral agreement of partition made by said heirs at the same time to partition the property here in question, and that under the terms of said oral agreement and partition it was agreed and understood that, whereas the plaintiffs were obtaining and receiving property of more value in the partition deed than defendants Bertie Gill and Laura Dunham, when said lots should be partitioned, said Bertie Gill and Laura Dunham should receive more in value out of said lots than plaintiffs, so that, when added to the land awarded to them in the partition deed, they would receive an equal share of the entire estate left by L. E. and Mattie Baird as the plaintiffs had received and were receiving in this partition.

Defendants further answered that the recitation in the partition deed of February 12, 1929, that said heirs were the owners and held the lots sought to be partitioned jointly, and that each of said heirs had and held a one-sixth interest therein, was placed in said deed by mistake, and that they relied upon the promise of plaintiffs to carry out the oral partition agreed upon prior to and contemporaneous with the execution of the partition deed.

Defendant Bertie Gill specially answered and alleged that, at the time the partition deed was executed, and the oral partition pleaded by defendants was made, it was agreed in said oral agreement and partition that, in the division of the lots in question, she was to have and should receive as her additional portion of her father and mother's estate the homestead upon which she and her mother resided at the time of her mother's death, and of which she was in possession as her homestead at the time of the trial, the said homestead being situated upon some of the lots sought to be partitioned. Defendants prayed that said property be partitioned in accordance with the oral partition agreement pleaded by them, and that the homestead be awarded to Bertie Gill. By cross-action defendant Bertie Gill sued plaintiffs, alleging that she had been in possession of the L. E. and Mattie Baird homestead ever since the death of her father; that she had no other home, and asked that same be set aside to her in the partition of said property, and that in the partition said cross-plaintiffs be awarded a sufficiency of said property to make the portion received by them out of the whole estate equal to that received by the plaintiffs.

By supplemental petition plaintiffs demurred generally to defendants' answer and cross-action, and specially excepted to the homestead right claimed by defendant Bertie Gill, and denied generally and specially all the allegations contained in the defendants' answer and cross-action.

Defendants, by supplemental answer, alleged that if, as a matter of law, Bertie Gill was not entitled to have the homestead set apart to her in the partition of the property in question, then she was so entitled in equity, for in that she was living in and occupying said home or homestead as a homestead at the time of her mother's death, and she had no other home, and asked that same be awarded to her.

The court sustained plaintiffs' special exception to defendant Bertie Gill's plea of homestead, to which the defendants excepted. The defendants then moved to dismiss their cross-action, which motion was granted, and the cross-action dismissed.

Defendants then filed a motion for a continuance which was denied, and the case was submitted to a jury upon special issues, in answer to which they found that the property was not susceptible of partition. Judgment was entered finding the property not susceptible of partition and ordering same sold at public auction for cash and the proceeds divided among the parties equally, one-sixth each, and that all costs of suit incurred to the rendition of judgment be taxed against plaintiffs and defendants in proportion to their respective interests, except that any additional costs incurred by reason of the filing of the defendants' answer and their contest urged against a partition of property be taxed against them. Motion for a new trial was overruled, to which action of the court defendants excepted, gave notice of appeal, and the case is duly before us for review.

 Appellants' first proposition asserts fundamental error in the court's overruling their general demurrer to the plaintiffs' petition because said petition did not allege that no administration on the estate of L. E. and Mattie Baird was pending, and that none was necessary, or that the time within which an administration on said estate might be taken

out had elapsed, the insistence being that, in the absence of such allegation, followed by proof, the court was without jurisdiction to hear and determine the matter, and hence their general demurrer should have been sustained.

We think the assignment should be overruled. The petition alleged that the estate owed no debts, that no administration had ever been taken out on the estate, and that each of the heirs inheriting the estate was of age, and that the named heirs were the only surviving heirs of their deceased parents. Whenever a general exception is addressed to a pleading, it is the duty of the court to extend every reasonable intendment in support of its sufficiency. These allegations, aided by the reasonable intendments growing out of same, sufficiently alleges that no administration on said estate was pending, and that none was necessary. International & G. N. Ry. Co. v. Hinzie, 82 Tex. 623, 627, 18 S. W. 681; Patterson v. Allen, 50 Tex. 23. Moreover, it has been held that no importance is to be attached to the allegation that there is no necessity for an administration, that such an allegation is a conclusion of law. Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698. Judge Gaines, in the cited case, in discussing what condition would show no necessity for an administration, says: "That condition exists when there are no debts against the estate." As sustaining this holding, see Goldstein v. Susholtz, 46 Tex. Civ. App. 582, 105 S. W. 219, 221; Moore v. Moore, 89 Tex. 29, 33 S. W. 217; Patterson v. Allen, 50 Tex. 23; Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698; Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336. In the instant case we think the allegations and the proof showed, not only that no necessity existed for an administration but that none was desired.

Appellants' next seven propositions are based upon nineteen assignments of error (7, 8, 9, 10, 11, 14, 15, 16, 18, 20, 22, 24, 25, 26, 27, 28, 30, 31, and 34), and are presented together, and complain of the court's refusal to permit them to offer parol proof of an oral partition agreement entered into by plaintiffs and defendants, heirs of L. E. and Mattie Baird, at the time of the execution of the partition deed of date February 12, 1929.

The parties to this suit are the heirs and only heirs of L. E. and Mattie Baird, both deceased, L. E. Baird died on April 3, 1922, and according to the record died intestate. At the time of his death he left surviving him his widow, Mattie Baird, and his six daughters, who are the parties plaintiff and defendant herein. Mattie Baird died intestate on February 7, 1929. The estate of L. E. and Mattie Baird consisted of both real and personal property. On February 12, 1929, the heirs of L. E. and Mattie Baird all got together, discussed and agreed upon a partition of the real estate, except that here in question, and executed a partition deed partitioning and dividing among them the real estate of their deceased parents, except that here involved. The partition deed contains the following:

"That, whereas, heretofore, to-wit: On the 3rd day of April, A. D. 1922, L. E. Baird, late of the County of Angelina, State of Texas, died seized and possessed of certain real estate and personal property, leaving surviving him his wife, Mattie Baird, Mrs. Bertie Gill, Mrs. Laura Dunham, Mrs. Robbie Jones, Mrs. Lela Holt, Lila Baird and Mrs. Winnie Ivy, his children; and,

"Whereas, on the 7th day of February, A. D. 1929, Mattie Baird, surviving widow of L. E. Baird, died in Angelina County, Texas, without a will, and at the time of her death she was seized and possessed of certain real estate and personal property, and left surviving her the following children and only heirs at law, both of herself and of L. E. Baird, deceased:

"(1) Mrs. Bertie Gill, who resides at Huntington in Angelina County, Texas, and who is a feme sole;

"(2) Mrs. Laura Dunham, whose husband is F. L. Dunham, both of whom reside in Huntington, Angelina County, Texas;

"(3) Mrs. Robbie Jones, whose husband is Ross Jones, both of whom reside at Huntington, Angelina County, Texas;

"(4) Mrs. Lela Holt, whose husband is J. T. M. Holt, both of whom reside in Morris County, State of Texas;

"(5) Lila Baird, a feme sole, who resides at Lufkin in Angelina County, Texas;

"(6) Mrs. Winnie Ivy, wife of W. D. Ivy, who resides at Huntington, Angelina County, Texas; and,

"Whereas, the above named parties are the surviving children and only heirs at law of L. E. Baird, deceased, and Mattie Baird, deceased, and are entitled to an undivided one-sixth interest each in and to the estate of L. E. Baird, deceased, and Mattie Baird, deceased; and,

"Whereas, they have satisfactorily partitioned and distributed all the personal property among themselves, and now desire to partition and distribute the real estate, in so far as is practicable to do so.

"Therefore, it is hereby covenanted, granted, concluded and agreed by and between said parties, and each of them covenants, grants concludes and agrees for himself, themselves, his and their heirs and assigns, that a partition of said lands be made as follows: (then follows a description of the lands conveyed to each of the six heirs); and,

"This deed of partition shall not affect the interest of the parties in any manner in and to certain other real estate still owned by them in common, but which is not at this time susceptible to partition, but each of the

parties shall retain an undivided one-sixth interest in and to all such real estate owned by L. E. Baird and Mattie Baird at the time of their death which is not described and partitioned in this deed."

This deed was duly signed and acknowledged by all the parties, and was duly filed and placed of record in the office of the county clerk of Angelina county, Tex., March 6, 1929. It is seen that the heirs agreed (1) as to who was entitled to a share of the property; (2) that Mattie Baird, who had survived her husband, had died intestate; (3) that each of the heirs was entitled to receive one-sixth of the entire estate; (4) that all the personal property of the estate had been divided among the heirs, and that the heirs desired to partition the real estate, in so far as it was practicable to do so; (5) and set apart to each the share of the real estate susceptible of partition; and (6) then stated that the partition deed should not affect the interest of any of the heirs in or to the remaining real estate not at that time "susceptible of partition," but that "each of the parties shall retain an undivided one-sixth interest in and to all such real estate owned by L. E. Baird and Mattie Baird at the time of their death, which is not described and partitioned in this deed." Evidently the heirs desiring the partition of the property had discussed the matter before executing the partition deed, and, after reaching a common understanding and agreement, executed the deed carrying out that agreement. The execution and acceptance of the deed being the final act of the parties expressing the terms of their agreement with reference to the subject-matter, all prior negotiations or agreements were merged therein, and, in the absence of fraud or mistake, parol evidence could not be received to add to, limit, vary, or contradict the terms of the instrument. Self v. King, 28 Tex. 553; Belcher v. Mulhall & Scaling, 57 Tex. 20. So, it could not be shown that an oral agreement was made at the time of the execution of the partition deed that the instrument should have another and different effect than that imported by its terms. Paris Grocer Co. v. Burks. 101 Tex. 107, 105 S. W. 174; Galveston, H. & S. A. R. Co. v. Pfeuffer, 56 Tex. 66; Sutor v. Railway, 59 Tex. Civ. App. 73, 125 S. W. 943.

■ Furthermore, the terms of the partition deed are clear and unambiguous. The recitals in the deed were more than the mere statement of facts. Their legal effect is to show the character and extent of the rights of the heirs in and to the property sought to be partitioned as well as that partitioned in the deed. The deed partitions among the heirs all the real estate except certain property which it declared was not susceptible of partition, and stated that each heir owned and was entitled to an undivided one-sixth interest in and to that not therein parti-

tioned. All this being set out in the written instrument and same having been signed, acknowledged, and accepted by the parties, the oral evidence offered would have changed the effect of the instrument, varied its terms, and added thereto other stipulations, limitations, and conditions; therefore, the proffered testimony was not admissible. McCormick v. Kampmann, 102 Tex. 215, 115 S. W. 24; Kahn v. Kahn, 94 Tex. 114, 119, 58 S. W. 825; Coverdill v. Seymour, 94 Tex. 1, 8, 57 S. W. 37. Moreover, while it is true that sometimes it is the case that a writing represents only a part of the contract, the other parts being expressed orally; and in such cases those parts not reduced to writing which are consistent with the writing may be shown. But this rule has no application here, for the reason that the stipulations of the parties about the matter in controversy, the partition of the whole of the estate, were put in writing, expressed in the partition deed, and the parol evidence offered to show a contemporaneous oral agreement and partition of the property here in controversy is an effort to show an inconsistent agreement. Coverdill v. Seymour, 94 Tex. 8, 57 S.W. 37; Belcher v. Mulhall & Scaling, 57 Tex. 17. The assignments are overruled.

■ Appellants present nine propositions grouped, based upon six assignments of error (4, 5, 17, 19, 23, and 29), challenging the action of the court in sustaining appellees' exception to their pleading of the homestead claim of appellant Bertie Gill in and to certain of the property sought to be partitioned.

Bertie Gill, one of the daughters of L. E. and Mattie Baird, had married before the death of her father, but was separated from her husband and had returned to and was living with her parents at the time of the death of her father. The record does not disclose that she was ever divorced from her husband or that he was dead. After the death of her father she continued to live with her mother, and was living with her at the time of her death. After the death of her mother she continued to live in the home of her deceased parents up to the time of the trial of the instant case. As shown by the record, she claims the home of her deceased parents as her homestead based upon the facts above stated. As we understand, her plea is first that under the Constitution, article 16, section 52, and Revised Civil Statutes, article 3485 to 3488, she is, as a matter of law, entitled to have all the lots composing the homestead of her deceased parents set off to her in her separate right as her homestead, and, secondly, if that cannot be done, then, as a matter of equity, she is entitled to same as her part of the estate; this in addition to what she had already received in the partition deed. Her plea reads: "That if it be held by the court that the defendant and cross plaintiff, Bertie Gill, is not entitled

as a matter of law to have all of the homestead and lots appertaining thereto set off to her in her own separate right as her homestead, then the defendant and cross plaintiff says that as a matter of equity said lots should be partitioned to the defendant Mrs. Bertie Gill as her part of the estate in addition to the part she has already received, and that by so partitioning said homestead to her, she will have then received an equal share in the entire, estate left by Mattie and L. E. Baird, and that if it be found inequitable to award her all the lots used in connection with the homestead, then the cross plaintiff Mrs. Bertie Gill, says she is entitled to have in all equity, the lots upon which the homestead is actually situated, set apart to her as her portion of the unpartitioned estate of the said Mattie and L. E. Baird and in this connection this defendant and cross plaintiff specially shows that she now has no other home or place to live in her own right, and that she was living in and occupying said home, or said lots as a homestead, at the time of her mother's death and she now asks that in partitioning the lots in this suit that she be awarded the lots upon which the homestead is located, or so many thereof as will constitute an equitable division of the undivided real estate left by Mattie and L. E. Baird, and that the remaining portion of said lots, or so many of them as will be equitable, be set aside and awarded to the remaining heirs, taking into consideration the actual value of the property awarded, and to be awarded the defendant, and cross plaintiff, Mrs. Bertie Gill."

Appellees' exception to this plea was sustained, and appellants' offer of proof thereunder was refused, to which action of the court the above assignments are directed. The court correctly sustained the exception to the plea. Under neither the Constitution nor the statutes was Mrs. Gill entitled to claim as her home the homestead of her deceased parents against the other heirs. The Constitution provides that on the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but that it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy same. It is thus seen that the Constitution does not authorize the setting aside for or the awarding to an unmarried daughter or widowed daughter the use or occupancy of the deceased parents' homestead, as against the right of partition among the heirs inheriting same. The

heirs were all of age, the estate owed no debts, and there was no administration on the estate. Article 3485, R. S., relied upon by appellants, does not authorize the setting aside or awarding of the homestead to appellant Bertie Gill. That law simply protects the widow, minor children, and unmarried daughters, against creditors of the estate as to the exempt property of the estate, which, of course, would include the homestead. But the estate owed no debts, and there were no minors. It does not authorize the unmarried adult daughter to either claim as her own, or to hold and use as a home, the homestead inherited by all the heirs against a partitioning of same. In other words, the homestead is not protected in favor of an unmarried adult daughter from partition among the heirs, the only persons thus protected being the surviving husband or wife and the minor children. White v. Small, 22 Tex. Civ. App. 318, 54 S. W. 915 (writ refused); Sims v. Hixon (Tex. Sup.) 65 S. W. 35; Hudgins v. Sansom, 72 Tex. 229, 10 S. W. 104; Quintana v. Giraud (Tex. Civ. App.) 209 S. W. 770; Osborn v. Osborn, 76 Tex. 494, 13 S. W. 538. There is nothing in the Constitution or the statutes which protects the homestead in the hands of an unmarried adult daughter against partition thereof among the surviving heirs, all adults, of the deceased parents. It is, therefore, apparent that appellants' plea of homestead presented no valid defense to the suit for partition, and the exception to same was properly sustained by the court.

Appellants' eighteenth assignment complains that the court erred in not permitting them to file a trial amendment. There is a sharp contention between appellants and appellees as to at what stage of the trial this trial amendment was sought to be filed. From a reading of appellants' bill of exception and brief it would appear that the request for permission to file the amendment was made at the time the court sustained appellees' exception to appellants' petition pleading homestead claim for Mrs. Bertie Gill. Appellees contend in their brief by counter proposition to appellants' propositions, based on the assignment, that the request was not made until on the second day of the trial, and after appellants had introduced all their evidence and had rested. In the statement of facts, at the close of Mrs. Laura Dunham's testimony, there is the parenthetical statement "(objection sustained. Defendant excepts)," then follows: "Witness excused." And after this the parenthetical statement: "(court refused permission of defendant to file a trial amendment, to which defendant excepts)." Then follows the expression: "End of testimony." It thus appears that the request came at the end of the trial. If this be correct, the filing

of the trial amendment would have delayed the progress of the trial, in that it would have necessitated appellees filing reply pleadings and introducing evidence to meet the proposed new issue. But, be that as it may, we do not believe that the court abused its discretion in refusing permission to file the trial amendment. It rests within the sound discretion of the court to grant or refuse such applications, and, unless abuse of this discretion is shown, the ruling should not be disturbed. The bill of exception of appellants to the court's ruling and the brief of appellants in urging this assignment disclosed that the purpose of the amendment was to plead that the execution of the partition deed on the part of appellants was procured by fraud on the part of appellees, or by mistake, in an attempt to give support to their pleas of oral partition alleged to have been made at the time the partition deed was' executed, and the plea of Mrs. Bertie Gill for the setting aside and awarding to her as her home the homestead of the deceased parents, exceptions to which had been sustained. We think the undisputed evidence, as shown by the facts, including the testimony of appellant Laura Dunham, would not have supported the allegations of fraud or mistake if appellants had been permitted to file the amendment, but, to the contrary, would have disproved same. So, the refusal of permission to file the amendment, if error, was harmless. However, it was within the discretion of the court to grant or refuse permission to file the amendment, and, it not appearing that he abused this discretion, the assignment is overruled.

Appellants have brought forward in their brief a number of assignments that are not followed by any statements from the record or any propositions, and, therefore, cannot be considered.

No error appearing, the judgment should be affirmed, and it is so ordered.

Affirmed.

*Writ of error granted.